Pfeifer, J.
{¶ 1} In this case, we address the implications of a trial court’s error in taking judicial notice of a fact when that error results in the reversal of a conviction. Specifically, we determine whether the fact that the court erroneously judicially noticed cán be considered as evidence by the appellate court in deciding whether sufficient evidence exists such that retrial is permissible under the Double Jeopardy Clauses of the Ohio and United States Constitutions. We hold that the fact that was judicially noticed in error in this case should not have been considered evidence as part of the appellate court’s sufficiency analysis.
Factual and Procedural Background
{¶ 2} A confidential informant and two Ohio Department of Public Safety (“ODPS”) agents walk into a bar. The bar, the Rubber City Grille, is in Akron, and defendant-appellant Matthew Kareski was bartending there on the evening of August 19, 2010. Mychael Kimbel, the confidential informant, was a 19-year-old employee of the ODPS.
{¶ 3} Kimbel approached the bar and asked Kareski for a Bud Light. Kareski told Kimbel the price, grabbed a bottle of Bud Light, opened it, and placed it before Kimbel. Kareski testified that he then noticed that Kimbel’s hands did not have the stamp showing that he had provided proof of his age at the door. He told Kimbel that he could not give him the beer until he showed proper age identification. At that moment, Kimbel pretended that a call was coming in on his cell phone. He passed the money to Kareski, said he would return with identification, and walked away from the bar without the beer.
*93 {¶ 4} Kareski was charged with violating R.C. 4301.69(A), which prohibits the sale of beer to an underage person. R.C. 4301.01(B)(2) contains the statutory-definition of beer, defining it as “all beverages brewed or fermented wholly or in part from malt products and containing one-half of one per cent or more, but not more than twelve per cent, of alcohol by volume.”
{¶ 5} ODPS Agent Keenan Reese had watched the transaction and retrieved the opened Bud Light as evidence. He sent a sample of the contents of the bottle to a state lab to be analyzed, and a report was generated.
{¶ 6} At Kareski’s trial, however, the state had difficulty proving that what Kareski had sold to Kimbel was, in fact, beer as defined by statute. The particular bottle’s label itself did not disclose an alcohol content; a portion of the label was covered or obscured by the state’s evidence label, but it is unclear whether the bottle stated an alcohol content at all.
{¶ 7} Kareski objected to the admission of the lab report regarding the contents of the bottle on the basis that no foundational witness testified as to its contents and that the report was hearsay and not properly authenticated. The court took the matter under advisement, and after some research, concluded, “I don’t think the report comes in. I think that I can take judicial notice that beer is an intoxicating liquor.” After further discussion, the state asked, “Is the court taking judicial notice that Bud Lite [sic] is beer?” The judge responded, “I’ll do that, but it seems to me the argument is going to be was there any testimony about what percentage of alcohol it contained.” When the jury returned, the judge stated to the jury, “I will take judicial notice that Bud Light is in fact beer.” The state then rested its case.
{¶ 8} The jury found Kareski guilty of a violation of R.C. 4301.69. Kareski appealed, arguing that the trial court had erred in taking judicial notice that Bud Light is beer pursuant to R.C. 4301.01(B)(2), that is, that it is a malt product containing “one-half of one per cent or more, but not more than twelve per cent, of alcohol by volume.” The Ninth District Court of Appeals agreed and reversed the conviction. State v. Kareski, 9th Dist. Summit No. 25705, 2012-Ohio-2173, 2012 WL 1717976. The court held that the trial court should not have taken judicial notice of an element of the crime Kareski was charged with; further, it held that the court erred in taking judicial notice of a fact — the alcohol content by volume of Bud Light — that was not something that was “generally known.” Evid.R. 201(B). The state did not appeal that decision.
{¶ 9} The issue before us is whether, given the trial court’s error, the appellate court properly ordered a new trial. In particular, we must determine whether the fact that the trial court judicially noticed in error should have been considered as evidence in the appellate court’s determination of whether there was sufficient evidence against Kareski to allow a retrial. Citing this court’s holding *94 in State v. Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, the court of appeals held that although the taking of judicial notice of an element of an offense was trial error, a reviewing court may consider the fact of which judicial notice was taken when determining the sufficiency of the evidence against the defendant. 2012-Ohio-2173, 2012 WL 1717976, ¶ 12-13. Using this approach, the court found that the evidence was sufficient to sustain the conviction and that therefore double jeopardy did not bar retrial.
{If 10} Kareski filed an application for reconsideration in the court of appeals, requesting that the appellate court apply this court’s decision in State v. Lovejoy, 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997), a case involving a trial court’s error in taking judicial notice. Kareski argued that because the trial court took judicial notice of an element of the offense in error, the absence of any evidence on that element meant that retrial was barred by the Double Jeopardy Clauses of the United States Constitution and the Ohio Constitution. The appellate court denied Kareski’s motion for reconsideration.
{¶ 11} Kareski has appealed to this court, arguing that his case should not have been remanded to the trial court for retrial. He alleges that the appellate court erred in its determination of whether the state had offered sufficient evidence to convict him at trial. Specifically, he argues that the appellate court should not have included within its sufficiency consideration the information regarding the alcohol content of Bud Light that the trial court had judicially noticed in error.
{¶ 12} The cause is before this court upon the acceptance of a discretionary appeal. State v. Kareski 133 Ohio St.3d 1422, 2012-Ohio-4902, 976 N.E.2d 913.
Law and Analysis
{¶ 13} The issue before us is how an appellate court should treat a trial court’s judicial-notice error when analyzing the sufficiency of the evidence to determine whether the case should be remanded for retrial after reversal. Our analysis hinges on whether this case is a Brewer case or a Lovejoy case.
{¶ 14} The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense. However, a retrial of a defendant after the reversal of a conviction does not necessarily constitute a double-jeopardy violation. In general, if the reversal is based on an error that occurred at trial, a retrial is appropriate. Lockhart v. Nelson, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). If, on the other hand, the appellate court’s reversal is based upon an insufficiency of the evidence, a retrial violates double jeopardy. Burks v. United States, 437 U.S. 1, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The United States Supreme Court has explained the distinc *95 tion for double-jeopardy purposes between reversals based on insufficiency of the evidence and those based upon trial errors:
While the former is in effect a finding “that the government has failed to prove its case” against the defendant, the latter “implies nothing with respect to the guilt or innocence of the defendant,” but is simply “a determination that [he] has been convicted through a judicial process which is defective in some fundamental respect.”
(Emphasis sic.) Lockhart at 40, quoting Burks at 15.
{¶ 15} In Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, this court considered the intersection of defective process and insufficient evidence, that is, whether an appellate court should include in its sufficiency determination evidence that had been admitted in error at trial. Brewer cited the United States Supreme Court’s decision in Lockhart in holding that the wrongly admitted evidence could still be relied upon by a reviewing court to determine the sufficiency of the evidence:
As the United States Supreme Court held in Lockhart, we hold that when evidence admitted at trial is sufficient to support a conviction, but on appeal, some of that evidence is determined to have been improperly admitted, the Double Jeopardy Clauses of the United States and Ohio Constitutions will not bar retrial. Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265.
Brewer at ¶ 25.
{¶ 16} An important philosophical underpinning of Brewer is that the state relies upon a trial court’s evidentiary rulings in the presentation of its case:
“If the evidence offered by the State is received after challenge and is legally sufficient to establish the guilt of the accused, the State is not obligated to go further and adduce additional evidence that would be, for example, cumulative. Were it otherwise, the State, to be secure, would have to assume every ruling by the trial court on the evidence to be erroneous and marshall and offer every bit of relevant and competent evidence. The practical consequences of this would adversely affect the administration of justice, if for no other reason, by the time which would be required for preparation and trial of every case.” State v. Wood *96 (Mo.1980), 596 S.W.2d 394, 398-399; State v. Gray (1986), 200 Conn. 523, 538, 512 A.2d 217. Thus, retrial grants the state “one full and fair opportunity” to present its evidence to the jury free from error. See [Arizona v.] Washington, 434 U.S. [497,] 505, 98 S.Ct. 824, 54 L.Ed.2d 717 [1978].
Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, at ¶ 19.
{¶ 17} Lockhart and Brewer both involved a trial court’s erroneous admission of evidence offered by the state. The reversals in those cases therefore were due to a fault in procedure rather than a lack of proof. In State v. Lovejoy, 79 Ohio St.3d 440, 683 N.E.2d 1112, this court considered a case involving a trial court’s error in taking judicial notice when the state had failed to offer admissible evidence on an element of the crime. Lovejoy was charged with having a weapon under disability, a charge that includes as a necessary element proof of a prior conviction. The trial court in Lovejoy sua sponte reopened the evidence after closing arguments to “take judicial notice of prior proceedings in an earlier case to supply a crucial fact that the state had failed to prove,” i.e., the fact of a prior conviction. Id. at 449. The appellate court held that the trial court had erred in taking judicial notice, but ruled that the sufficiency of the evidence was moot in light of its disposition of other issues in the appeal, and the state did not appeal that holding. This court held that because judicial notice had been taken in error, the court of appeals should have addressed the issue of the sufficiency of the evidence, “review[ing] the remaining evidence to determine whether it was sufficient to support a conviction.” Id. at 450. Thus, this court held that the judicial notice of the prior conviction should not be considered by the appellate court in its sufficiency evaluation.
{¶ 18} This court noted that despite the appellate court’s ruling that the sufficiency issue was moot, that court had actually resolved the issue by acknowledging that if the trial court had not taken judicial notice of the prior conviction, the documents offered by the state were insufficient to prove that Lovejoy was under a disability. Id. That being the case, this court held that the appellate court’s remand for a retrial was improper:
Because the appellate court ruled on the judicial notice issue as it did, the issue of the sufficiency of the evidence was not moot. In fact, the sufficiency of the remaining evidence became the key issue.
* * * To simply remand the weapon under disability charge for a retrial would give the state a “second bite at the apple” and a chance to present evidence it failed to offer at the first trial. * * * In this case, the Double Jeopardy Clause applies. In fact, this is what the Double Jeopardy Clause *97 was intended to prevent. If the state fails to present sufficient evidence to prove every element of the crime, it should not get a second opportunity to do that which it failed to do the first time.
(Emphasis sic.) Id., 79 Ohio St.3d at 450, 683 N.E.2d 1112.
{¶ 19} This court’s decision in Lovejoy was consistent with the United States Supreme Court’s decision in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, in which the court held that “the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient” and that “the only ‘just’ remedy available for that court is the direction of a judgment of acquittal.” Id. at 18. As the court noted in Lockhart:
Burks was based on the view that an appellate court’s reversal for insufficiency of the evidence is in effect a determination that the government’s ease against the defendant was so lacking that the trial court should have entered a judgment of acquittal, rather than submitting the case to the jury.
Lockhart, 488 U.S. at 39, 109 S.Ct. 285, 102 L.Ed.2d 265, citing Burks at 16-17.
{¶ 20} This court did not overrule Lovejoy in Brewer. Brewer acknowledged that the trial court in Lovejoy took judicial notice of a prior conviction because of a deficiency of proof offered by the state. 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 22. The trial court’s action exposed the state’s failure to prove its case. In Brewer, this court compared that case and Lockhart to Lovejoy.
[T]his case and Lockhart involve a trial court’s erroneous admission of evidence presented by the state during its case-in-chief and the state’s reliance upon the erroneous evidentiary rulings. In contrast, the facts presented in State v. Lovejoy, 79 Ohio St.3d 440, 683 N.E.2d 1112, differ dramatically from those presented here and in Lockhart.
In Lovejoy, the state did not rely on an erroneous trial court evidentiary ruling, but rather failed to meet its burden of proof to present sufficient evidence to prove the defendant’s guilt beyond a reasonable doubt. Recognizing the state’s failure, the trial court sua sponte reopened the case to take judicial notice of [a fact] to establish a missing element. * * * Thus, Lovejoy is factually distinguishable from Lockhart and this case because in Lovejoy, the state never relied on an erroneous evidentiary *98 ruling in deciding what evidence to present at trial. Instead, Lovejoy involved the prosecution’s failure to meet the sufficiency-of-evidenee standard.
Brewer at ¶ 22.
{¶ 21} Is this case more akin to Lovejoy or Brewer? We find that it is controlled by Lovejoy.
{¶ 22} As in Lovejoy, the trial court in this case judicially noticed a factual element of the crime after the prosecution demonstrated an inability to present evidence on that element. The prosecution in this case attempted to submit a report on the testing of the contents of the bottle, but since the report lacked foundational testimony, the trial court did not allow it to be admitted as evidence. The bottle itself was in the courtroom, but the witness who examined the bottle on the stand was unable to discern any information on the particular label regarding its alcohol content. The state then requested that the trial court take judicial notice that the bottle contained beer as statutorily defined, and the court complied. The state then rested its case.
{¶ 23} As in Lovejoy, the trial court filled a gap left by the state in proving its case by taking judicial notice of an essential element and thereby committing error. As in Lovejoy, the prosecution cannot claim to have relied on an evidentiary ruling, because there was no ruling that the report or the bottle itself was admissible on which to rely. As in Lovejoy, we cannot countenance allowing the state to come to trial unprepared to prove its case only to be rescued by a trial court taking judicial notice of an element the state has failed to prove, and committing error in doing so.
{¶ 24} The court in Lockhart held that in conducting a sufficiency review, a reviewing court must consider all the evidence admitted at trial, even improperly admitted evidence: “[W]here the evidence offered by the State and admitted by the trial court — whether erroneously or not — would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial.” (Emphasis added.) Lockhart, 488 U.S. at 34, 109 S.Ct. 285, 102 L.Ed.2d 265.
{¶ 25} But here, the sole evidence offered by the state on the issue of the alcohol content of the beer in question was never admitted. Instead, the trial court saved the state’s case by taking judicial notice that the contents of the Bud Light bottle met the statutory definition of “beer.” We thus find unavailing any claim by the state that it relied on the trial court’s taking of judicial notice; Brewer's concern about forcing the state to offer cumulative evidence on every element rings hollow when the state offered nothing that the trial court deemed admissible.
*99 {¶ 26} Therefore, we conclude that the appellate court erred when it relied upon the trial court’s taking of judicial notice of the alcohol content of Bud Light in its review of the sufficiency of the evidence against Kareski and when it remanded the case for retrial. Since there was no evidence admitted on that statutory element of the alcohol content of the substance sold by Kareski to the informant, there was insufficient evidence for a conviction, and the Double Jeopardy Clauses of the Ohio Constitution and the United States Constitution bar a retrial. Accordingly, we vacate Kareski’s conviction.
Judgment reversed.
O’Donnell, Kennedy, and O’Neill, JJ., concur.
O’Connor, C.J., and Lanzinger, J., concur in judgment and concur separately.
French, J., dissents.