[Cite as *State v. Lloyd*, 2016-Ohio-331.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                   Court of Appeals No. L-15-1035

       Appellee                          Trial Court No. TRC-14-20997

v.

Karrie L. Lloyd                              **DECISION AND JUDGMENT**

       Appellant                         Decided:  January 29, 2016

* * * * *

David Toska, City of Toledo Chief Prosecutor, and Henry Schaefer, Assistant Prosecutor, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Defendant-appellant, Karrie L. Lloyd, appeals the January 13, 2015 judgment of the Toledo Municipal Court.  For the reasons that follow, we reverse.

## I. Background

{¶ 2} On July 2, 2014, Lloyd was charged with two counts of operating a vehicle while intoxicated, violations of R.C. 4511.19(A)(1)(a) and (d), and driving outside marked lanes, a violation of R.C. 4511.33. Lloyd waived her speedy trial rights. Pretrial and trial dates were set and vacated a number of times. The parties appeared before the trial court on December 9, 2014, at which time the court continued the trial to December 18, 2014. The court wrote in its order that this continuance was to be the "LAST REALLY," however, during the December 18, 2014 appearance, counsel advised the court that there had been a delay in the state's response to discovery requests. On this basis, defense counsel requested and was granted permission to file a motion to suppress evidence despite the fact that the time for filing pretrial motions had passed. The court reset the trial for January 13, 2015.

{¶ 3} On January 5, 2015, Lloyd filed the motion to suppress. The court set it for a hearing to take place on the same day and time as the trial. The parties' understanding was that the hearing on the motion to suppress would take place and, depending on the outcome of the motion, the matter would perhaps proceed to trial. The state filed an opposition to the motion on the day of the hearing, and Lloyd's counsel quickly filed a reply brief.

{¶ 4} The parties appeared before the trial court on January 13, 2015, as scheduled and advised the court that they were prepared to be heard on the motion. The transcript of proceedings reflects that the trial court was displeased that Lloyd had waited until the

2.

week before trial to file her motion to suppress. Defense counsel reminded the court that it had granted her permission to file the motion and set the motion hearing for that day. While the court did not deny defense counsel's representations, it questioned why counsel had waited until January 5, 2015, to file the motion and it expressed perturbation over being put in the position of having to either issue an immediate decision on the motion or reset the trial date. Its concern was that the case would become overage before a new trial date could be rescheduled. The court asked, "Why should I let counsel drive this case overage and take the hit? I don't get it."

{¶ 5} The state was willing to go forward with the hearing on Lloyd's motion to suppress; nevertheless, the trial court denied the motion without a hearing on the basis that the case had been pending since July 3, 2014, the motion was filed late, and the case would be overage before it could be reset for trial.

{¶ 6} In light of the court's ruling, Lloyd elected to enter a no contest plea and preserve for appeal her objections over the trial court's unwillingness to hear her motion to suppress and its denial of that motion. The trial court proceeded directly to sentencing without addressing Lloyd concerning her decision to enter the plea and without calling for an explanation of the circumstances of the offense. Lloyd timely appealed and she now assigns the following errors for our review:

> 1. The Trial Court abused its discretion in refusing to hear Appellant's motion to suppress as being untimely filed.

3.

2.  The Trial Court erred in finding Appellant guilty of OVI with insufficient legal evidence as the Trial Court received no explanation of the circumstances.

3.  The Trial Court failed to follow Crim.R. 11 as the Trial Court did not address Appellant during the no contest plea.

## II.  LAW AND ANALYSIS

**{¶ 7}** In her first assignment of error, Lloyd argues that the trial court put the Rules of Superintendence before her rights when it refused to hear her motion to suppress due to its concern that the case would be overage before it could be set for a new trial date.  In her second assignment of error, she claims that her due process rights were violated when the court entered a finding of guilt on the OVI offenses without adhering to Crim.R. 11 or calling for an explanation of the circumstances of the offense, as required by R.C. 2937.07.  And in her third assignment of error, she contends that the remedy for the court's failure to call for an explanation of circumstances on the OVI charges is to reverse her conviction and discharge her of criminal liability, rather than merely to remand the case to the trial court.  We begin by addressing Lloyd's second and third assignments of error.

**{¶ 8}** Crim.R. 11(D) provides:

In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the

4.

defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. * * *

{¶ 9} A "serious offense" means "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). The penalty for the two OVI offenses includes confinement for more than six months. Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11. The marked lanes offense is a minor misdemeanor.

{¶ 10} Thus, for the OVI offenses, the court was required to personally address Lloyd, inform her of the effect of her plea, and determine that she was making the plea voluntarily. As to the marked lanes violation, it was required to inform her of the effect of her plea. It is undisputed that the court failed to comply with either Crim.R. 11(D) or (E). With respect to those violations, our case law makes clear that where there is absolutely no compliance with this rule, prejudicial error is presumed and the defendant is entitled to withdraw his or her plea on remand. *State v. Carter*, 6th Dist. Ottawa No. OT-82-30, 1983 WL 13678, *3 (Mar. 18, 1983); *City of Toledo v. Schaffer*, 6th Dist. Lucas No. L-85-146, 1985 WL 9350, *1-2 (Aug. 16, 1985).

5.

**{¶ 11}** In addition to Crim.R. 11, R.C. 2937.07 provides, in pertinent part:

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint. * * *

**{¶ 12}** The state does not dispute that with respect to the OVI offenses, R.C. 2937.07 required the trial court to call for an explanation of the circumstances of the offenses. It also does not dispute that the trial court failed to do so before finding Lloyd guilty. It argues, however, that (1) Lloyd waived the court's error because she failed to object, (2) she invited the error by distracting the court during the plea hearing, and (3) there was no miscarriage of justice because if the allegations in the traffic citation would have been read into the record, the facts contained in the citation would have supported a conviction. The state's arguments have all been addressed and rejected by Ohio courts.

**{¶ 13}** With respect to the state's waiver argument, the Second District Court of Appeals considered this issue in *State v. Osterfeld*, 2d Dist. Montgomery No. 20677, 2005-Ohio-3180. In rejecting the argument, the court reasoned:

6.

First, when an explanation of circumstances is either deficient or entirely absent, there is legally insufficient evidence to support a conviction following a no-contest plea to a misdemeanor. * * * [T]he State bears the burden of providing legally sufficient evidence on each element of the charge. * * * In the context of a no-contest plea in a misdemeanor case, * * * "the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty." Thus, we believe a no-contest plea in a misdemeanor case also preserves a sufficiency-of-the-evidence argument for appeal.

Second, even if [the defendant] had waived his challenge to the sufficiency of the evidence by failing to raise the issue in the trial court, it would remain subject to plain-error analysis. * * * In light of the well-established rule that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances," * * * we would find plain-error in the present case even if [the defendant] had waived his challenge to the sufficiency of the evidence. (Internal citations omitted.) *Id.* at ¶ 7-9.

{¶ 14} We, too, reject the state's waiver argument and we find plain error in the court's failure to call for an explanation of the circumstances of the offenses.

{¶ 15} As to the state's claim that Lloyd invited the error by distracting the court during the proceedings, the Seventh District Court of Appeals addressed a similar issue in *City of Youngstown v. Rawson*, 7th Dist. Mahoning Nos. 91 C.A. 15, 91 C.A. 16, 1992

7.

WL 64194 (Mar. 24, 1992). There, the court recognized that the complainant or his representatives have the burden of providing the explanation of circumstances. *Id.* at *3. Despite acknowledging that the defendant's conduct contributed to the confusion that led to the state's failure to provide the explanation of circumstances, the court concluded that it was bound by the record before it and that the defendant's conduct did not relieve the state of its duty to render the necessary explanation of circumstances. *Id.* at *4. We agree with this conclusion.

{¶ 16} And concerning the state's argument that there was no miscarriage of justice because if the allegations in the traffic citation would have been read into the record, those facts would have supported a conviction, this argument was addressed and squarely rejected by the Ohio Supreme Court in the seminal case of *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984):

> The question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation in this instance. Our review of the record indicates that no explanation of circumstances took place, notwithstanding the availability of documentary evidence that might have been the basis for meeting the statutory requirement. Therefore, appellee's contention that the trial court fulfilled the obligations imposed by R.C. 2937.07 is without merit and the plea must be vacated.

8.

{¶ 17} Having found a violation of R.C. 2937.07, we next address the remedy for this noncompliance. Lloyd argues that her conviction must be reversed and she must be discharged from criminal liability. She cites a number of cases where we concluded that R.C. 2937.07 had been violated, and we remanded "for further proceedings," "for proceedings consistent with [our] decision," "for proceedings not inconsistent with [our] decision," or "for further proceedings consistent with [our] decision." In those cases, we provided no direction as to whether a new plea hearing should be conducted or whether the defendant should be found not guilty and discharged upon remand. She represents that the practice of the lower courts has been to conduct a new plea hearing.

{¶ 18} Although not cited by either party, we have addressed the precise question at issue in this case. In *State v. Spinazze*, 6th Dist. Lucas No. L-04-1274, 2005-Ohio-1780, Spinazze entered a plea of no contest to a charge of reckless operation. *Id.* at ¶ 3. No explanation of circumstances of the offense was provided, yet the trial court proceeded to find Spinazze guilty. *Id.* at ¶ 3-8. On appeal, we reversed, agreeing with Spinazze that the trial court committed error in pronouncing his guilt without eliciting an explanation of the circumstances of the offense. *Id.* Spinazze argued that given the failure to comply with R.C. 2937.07, his conviction should be vacated and that "he should not be retried because the Double Jeopardy Clause bars an appellate court from remanding for a new trial." *Id.* at ¶ 9. We disagreed. *Id.* at ¶ 11. Distinguishing the U.S. Supreme Court's decision in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57

9.

L.Ed.2d 1 (1978), which Spinazze had relied on to support his position, we reasoned as follows:

> [A] finding that trial error warrants reversal does not address whether the evidence was insufficient to sustain a guilty verdict; the trial court's repair of reversible error on remand does not thereby subject the criminal defendant to double jeopardy. * * * When a conviction is reversed pursuant to R.C. 2937.07 and *Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 459 N.E.2d 532, an appellate court has found that the trial court committed error in its failure to *pronounce* the "circumstances of the offense." This rule does not request or require an appellate court to determine whether those circumstances were sufficient to sustain the conviction. Therefore, the Double Jeopardy Clause is not violated when the case is remanded to the trial court. (Internal citations omitted.) *Id.* at ¶ 10.

{¶ 19} Since *Spinazze,* however, we have recognized that a defendant who pleads no contest has a substantive right to be acquitted where the state's statement of facts fails to establish all of the elements of the offense. In *State v. Pugh*, 6th Dist. Erie No. E-11-014, 2012-Ohio-829, Pugh was charged with OVI violations and filed a motion to suppress which was heard and denied by the trial court. *Id.* at ¶ 3-4. Despite the denial of his motion to suppress, the state dismissed the OVI charges and instead charged Pugh with a second offense reckless operation, a fourth degree misdemeanor, based on prior convictions for traffic offenses within the preceding 12 months. *Id.* at ¶ 5, 8. Pugh

10.

entered a "no contest" plea and the court found him guilty. *Id.* at ¶ 5. On appeal, Pugh argued that the trial court lacked sufficient evidence to support a conviction for reckless operation. *Id.* at ¶ 8.

{¶ 20} The transcript of the plea hearing indicated that the trial court made its finding of guilt based on the testimony presented at the OVI suppression hearing in the dismissed case. *Id.* We observed that other than the court's statement that it had relied on the testimony from the suppression hearing as the basis for its finding, there had been no explanation of the circumstances as required by R.C. 2937.07. *Id.* at ¶ 12-13. In considering the propriety of the court's action, we recognized:

On a plea of no contest to a misdemeanor offense, R.C. 2937.07 provides that a court may find the defendant guilty or not guilty based on "the explanation of the circumstances of the offense." The explanation requirement "contemplates some explanation of the facts surrounding the offense [so] that the trial court does not make a finding of guilty in a perfunctory fashion." Further, R.C. 2937.07 gives "[a] defendant who pleads no contest a substantive right to be acquitted where the state's statement of facts fails to establish all of the elements of the offense." Therefore, the explanation "necessarily involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest." (Citation

omitted.)  An explanation that merely restates the statutory elements of the offense is not sufficient.  (Internal citations omitted.)  *Id.* at ¶ 11.

{¶ 21} We held that what was presented at the suppression hearing was insufficient to constitute an explanation of the circumstances for purposes of R.C. 2937.07, and that the transcript of the proceedings in the dismissed case was not properly reviewable.[1]  *Id.* at ¶ 13, 16.  We reversed the trial court judgment, and ordered Pugh acquitted.  *Id.* at ¶ 22.

{¶ 22} In *Pugh* we did not specifically address the impact of the failure to elicit an explanation of circumstances on the attachment of double jeopardy, but numerous appellate districts have.  Those courts have reached a conclusion contrary to the one we reached in *Spinazze.*

{¶ 23} For instance, in *State v. Stewart,* 2d Dist. Montgomery No. 19971, 2004-Ohio-3103, the Second District held:

> Under R.C. 2937.07, when a no-contest plea is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty.  Here, that evidence was insufficient to support a conviction.  When a conviction is reversed for insufficiency of the evidence, jeopardy has attached, and a

---

[1] Although our decision in *Pugh* was based on the absence of an explanation of circumstances, we nevertheless offered an analysis explaining that even if the testimony presented at the suppression hearing was reviewable, that testimony would not have supported Pugh's conviction.  *Id.* at ¶ 17-19.

12.

remand for a new determination of guilt or innocence is barred by double jeopardy. *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. Thus, Stewart is entitled to the reversal of his conviction, and to be discharged.

{¶ 24} The Third District reached the same conclusion in *State v. Horvath*, 2015-Ohio-4729, -- N.E.3d --, ¶ 18 (3d Dist.), employing substantially similar language in its reasoning:

> Under R.C. 2937.07, when a plea of no contest is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty. Here, the evidence was insufficient to support Horvath's conviction. When a conviction is reversed due to insufficient evidence, jeopardy attaches, and a remand for a new determination of guilt or innocence is prohibited by the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *State v. Kareski*, 137 Ohio St.3d 92, 998 N.E.2d 410, 2013-Ohio-4008, ¶ 14, citing *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

{¶ 25} Consistent with the Second and Third Districts, the Fifth District held in *State v. Smyers*, 5th Dist. Muskingum No. CT 2004-0039, 2005-Ohio-2912, ¶ 17-19:

> [W]e find the failure to provide the "explanation of circumstances" was not trial error, but instead resulted in insufficient facts to support a

13.

finding of guilt. If a judge does not find sufficient facts to support a finding of guilt, he or she may dismiss the charge or find the defendant guilty of a lesser included offense which is shown by those alleged facts. *State v. Thorpe* (1983), 9 Ohio App.3d 1, 457 N.E.2d 912, paragraph two of the syllabus. * * * Thus, we conclude double jeopardy attached when we reversed this matter on the basis of insufficient evidence for failure to comply with R.C. 2937.07.

{¶ 26} And in *State v. Fordenwalt*, 9th Dist. Wayne No. 09CA0021, 2010-Ohio-2810, ¶ 11, the Ninth District held:

Mr. Fordenwalt has argued that, because there was no explanation of the circumstances, he should be discharged. As noted earlier, under Section 2937.07, "[a] plea to a misdemeanor offense of 'no contest' . . . shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." If the record does not contain an explanation of circumstances upon which the court can predicate a finding of guilty, it is the duty of the court to find the defendant not guilty. *State v. Stewart,* 2d Dist. No. 19971, 2004 WL 1352628 at *3 (June 10, 2004). Moreover, "[if] a conviction is reversed for insufficiency of the evidence, jeopardy has attached, and a remand for a new determination of guilt or innocence is barred by double

14.

jeopardy." *Id.* The defendant "is entitled to the reversal of his conviction, and to be discharged." *Id.; see also State v. Valentine,* 1st Dist. No. C-070388, 2008-Ohio-1842, at ¶ 9; *State v. Smyers,* 5th Dist. No. CT 2004-0039, 2005-Ohio-2912, at ¶ 19; *City of Broadview Heights v. Krueger,* 8th Dist. No. 88998, 2007-Ohio-5337, at ¶ 13, 17; *State v. Hoskins,* 12th Dist. No. CA98-07-143, 1999 WL 527796 at *3 (June 14, 1999).

**{¶ 27}** In addition to the above cases, other appellate districts have determined—without explicitly addressing whether double jeopardy attached— that the defendant must be discharged where the trial court enters a finding of guilt without eliciting an explanation of circumstances. *See, e.g., City of Youngstown v. Rawson*, 7th Dist. Mahoning No. 91 C.A. 15, 91 C.A. 16, 1992 WL 64194, *5 (Mar. 24, 1992) ("While the court had sufficient documentary evidence to find the appellants guilty, the court did not render the necessary explanation of circumstances into the record. * * * The judgment of the trial court is reversed and the appellants are discharged."); *State/City of Hamilton v. Hoskins*, 12th Dist. Butler No. CA98-07-143, 1999 WL 527796, *3 (June 14, 1999) ("In light of all of the foregoing, we find that the prosecutor's total lack of explanation of circumstances fails to state facts sufficient to establish all the elements of the charge. As a result, under R.C. 2937.07 and the principles enunciated under *Bowers* and *Hubbard,* appellant has a substantive right to be discharged by a finding of not guilty.")

**{¶ 28}** Upon considering the reasoning of the various appellate districts that have addressed the remedy for failure to comply with R.C. 2937.07, we are convinced that

15.

those courts correctly concluded that such error is more than mere trial error, but is instead a failure to establish facts sufficient to support a conviction. As such, double jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden. This conclusion is consistent with our more recent pronouncement in *Pugh*, 6th Dist. Erie No. E-11-014, 2012-Ohio-829. For these reasons, we overrule our decision in *Spinazze*, 6th Dist. Lucas No. L-04-1274, 2005-Ohio-1780, and we find that Lloyd must be acquitted of the OVI offenses.

{¶ 29} Our conclusion obviates the need for remand on the Crim.R. 11(D) violations. With respect to the Crim.R. 11(E) violation, however, on the marked lanes offense, we reverse and remand for a new plea hearing.

{¶ 30} We find Lloyd's second and third assignments of error well-taken. In light of this decision, we need not address Lloyd's first assignment of error.

### III. CONCLUSION

{¶ 31} For the foregoing reasons, we find Lloyd's second and third assignments of error well-taken, and we decline to address his first assignment of error. We reverse the trial court's January 13, 2015 judgment. With respect to her convictions under R.C. 4511.19(A)(1)(a) and (d), we discharge her. With respect to her conviction under R.C. 4511.33, we vacate her plea and remand the matter to the trial court for further proceedings. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____

Stephen A. Yarbrough, J.                    JUDGE

James D. Jensen, P.J.                     _____
CONCUR.                                             JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.