[Cite as *Toledo v. Wyley*, 2017-Ohio-6921.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Toledo                              Court of Appeals No. L-16-1235

     Appellee                                                          Trial Court No. CRB-16-06436

v.

Cyrussolon Wyley                                              **DECISION AND JUDGMENT**

     Appellant                                                        Decided: July 21, 2017

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Cyrussolon Wyley, filed this accelerated appeal from

the July 7, 2016 judgment of the Toledo Municipal Court convicting him of menacing, a

violation of Toledo Municipal Code 537.06(A), and sentencing him to 30 days in jail. He

assigns the following error for our review: "The Trial Court failed to comply with Crim.R. 11(E) in any way, to the prejudice of Appellant."[1]

Wyley entered a plea of no contest to the menacing charge, but he claims that before accepting his plea, the trial court failed to inform him of the effect of his plea, thereby violating Crim.R. 11(E). He contends that a trial court commits prejudicial error when it fails to comply with Crim.R. 11(E), and that, as a result, he is entitled to withdraw his plea. The city concedes error and agrees that Wyley is entitled to withdraw his plea on remand.

Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Under Crim.R. 2(D), a petty offense is "a misdemeanor other than a serious offense." A serious offense as defined in Crim.R. 2(C) is "any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Here, the offense at issue is a fourth-degree misdemeanor punishable by up to 30 days in jail. Toledo Municipal Code 501.99(a).

As we recognized in *State v. Lloyd*, 2016-Ohio-331, 58 N.E.3d 520, ¶ 10 (6th Dist.), "where there is absolutely no compliance with [Crim.R. 11(E)], prejudicial error is

---

[1] In his brief, Wyley also argues that the trial court violated Crim.R. 32(A)(1), however, he failed to assign error in this aspect of the court's judgment. We, therefore, decline to consider this argument. *See State v. Roberson,* 6th Dist. Lucas No. L-16-1131, 2017-Ohio-4339, ¶ 103.

2.

presumed and the defendant is entitled to withdraw his or her plea on remand." We have reviewed the July 7, 2016 transcript of the plea hearing in this case, and we agree that the trial court wholly failed to comply with Crim.R. 11(E). Appellant's assignment of error is found well-taken.

Accordingly we reverse the trial court's July 7, 2016 judgment, and remand this matter to the trial court. The city is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE