[Cite as *State v. Boychi*, 2023-Ohio-3134.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO
CITY OF BARBERTON

      Appellee

      v.

TRISTINE BOYCHI

      Appellant

C.A. Nos.    30533
                  30534
                  30535
                  30536
                  30537

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.   22 CRB 01609
                22 CRB 01630
                22 CRB 01651
                22 CRB 01671
                22 CRB 01685

DECISION AND JOURNAL ENTRY

Dated: September 6, 2023

STEVENSON, Judge

**{¶1}** Defendant-Appellant, Tristine Boychi ("Boychi"), appeals from the judgments of the Barberton Municipal Court. For the reasons set forth below, we reverse and remand for further proceedings.

I.

**{¶2}** The City of Barberton ("City") charged Boychi with five counts of failure to confine his dogs in violation of R.C. 955.22(C)(1). Boychi pleaded not guilty, and a single jury trial took place regarding all five charges. At trial, three police officers and Boychi's neighbor, Kathy Smith, testified regarding each of the five occasions where one or both of Boychi's dogs

got loose from his property at 1225 Vanderhoof Rd. Boychi had a pen in his yard to keep his two dogs confined, but nonetheless, they were getting loose.

{¶3} Each of the responding officers wore body cameras that recorded the incidents. That video footage was admitted into evidence. Also admitted into evidence were certified copies of five judgment entries, labeled as State's Exhibit Nos. 2 through 6. These judgment entries allegedly showed Boychi's prior convictions under R.C. 955.22(C). The record reflects that the City intended to use them to prove that Boychi's dogs were "dangerous dogs" under R.C. 955.11(A)(1)(a)(iii), which would enhance the crimes from minor misdemeanors to fourth-degree misdemeanors. However, the forms used for the judgment entries did not include a line for the code section of the offense nor was it otherwise added. The judgment entries also did not identify Boychi as the defendant.

{¶4} As relevant here, under R.C. 955.11(A)(1)(a)(iii), "'Dangerous dog' means a dog that, without provocation, * * * has * * * [b]een the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code." Pursuant to R.C. 955.99(G), anyone who commits a violation of R.C. 955.22(C) that involves a dangerous dog is guilty of a fourth-degree misdemeanor.

{¶5} The City requested to supplement the judgment entries with redacted, certified copies of the docket reflecting the code section of the offenses (R.C. 955.22(C)) and Boychi's identity. Instead, the trial court took judicial notice of the judgment entries and told the jury "[s]o you're instructed that * * * State's Exhibit 2,3,4,5 and 6 are prior convictions for this defendant for violations of division (C) of Section 955.22(C)."

{¶6} The trial court further instructed the jury in a special interrogatory that if they found Boychi guilty of the loose dog charges, they were then to answer the separate question whether

the City "proved beyond a reasonable doubt that the dog involved was a dangerous dog[,]" defined as one that had "[b]een the subject of a third or subsequent violation of division (C) of Section 955.22 of the Revised Code."

{¶7}     Boychi's counsel moved for an acquittal under Crim.R. 29 after the City rested its case and renewed the motion prior to the trial court's instructions to the jury. The trial court denied the motion both times. The jury found Boychi guilty on all the charges. The jury further found that Boychi's dog had been the subject of a third or subsequent violation of R.C. 955.22(C) and was therefore a dangerous dog under R.C. 955.99(A)(1)(a)(iii). Boychi was remanded into custody and later sentenced to jail and fined.

{¶8}     Boychi timely appealed to this Court in all five cases. This Court granted Boychi's motion to consolidate the cases for purposes of appeal.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY FAILING TO ENTER A JUDGMENT OF ACQUITTAL FOR THE FOURTH-DEGREE MISDEMEANOR OFFENSES OF FAILING TO RESTRAIN A NUISANCE DOG.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY INSTRUCTING JURORS ON DISPUTED FACTS AND ASKING THEM TO MAKE A FINDING THAT THE DOGS WERE DANGEROUS, PARTICULARLY IN THE ABSENCE OF A PRIOR DESIGNATION AS REQUIRED BY STATUTE.**

{¶9}     We will address Boychi's first and second assignments of error in a consolidated fashion because they both advance the same argument as the basis for the alleged error. Boychi argues here that the trial court erred in taking judicial notice of his prior convictions because in doing so it looked outside the record to ascertain the code section of the prior convictions and that Boychi was the defendant. He further argues that this improperly judicially noticed evidence

cannot be included in this Court's sufficiency analysis, and without that evidence, his conviction is not supported by sufficient evidence.

{¶10} In sum, Boychi argues that the City did not meet its burden of production because the trial court improperly rescued the City's case by taking erroneous judicial notice that the judgment entries constituted prior convictions under R.C. 955.22(C), then instructed the jury to accept that fact as conclusive when the City presented no such evidence.

{¶11} We note preliminarily that Boychi devoted a significant portion of his argument, both in his briefs and at oral argument, to the issue of whether his dog was properly characterized as a "nuisance dog' under R.C. 955.11(A)(3)(a) to support the enhancement from a minor misdemeanor to a fourth-degree misdemeanor. However, the City and the trial court emphasized several times throughout the trial that this was not a nuisance dog case nor was the jury given a nuisance dog instruction. Boychi objected to the dangerous dog instruction on the basis of lack of advance notice that the trial would involve a dangerous dog designation, but the trial court overruled Boychi's objection. In addition, contrary to Boychi's arguments in his brief and at oral argument, the City did not proceed under the alternative theory that the charges that were the subject of *this* trial were used to support the dangerous dog designation under R.C. 955.11(A)(1)(iii). Accordingly, these arguments will not be addressed. "It is well-settled that this Court will not address arguments for the first time on appeal." *State v. Williamson*, 9th Dist. Summit No. 29935, 2022-Ohio-185, ¶ 31, citing *State v. Lee*, 9th Dist. Summit No. 29597, 2020-Ohio-4970, ¶ 15.

### *Prior Conviction and Judicial Notice*

{¶12} It is undisputed that the judgment entries offered by the City as evidence of Boychi's prior convictions did not reflect the code section of the offenses nor do they identify

Boychi as the defendant.  Early in the trial, during a colloquy between the trial court and counsel, the prosecutor informed the trial court that upon inspection, she realized the judgment entries were missing those necessary elements and requested to supplement them with certified, redacted copies of the docket to show that Boychi was the defendant and that the convictions were for violations of R.C. 955.22(C).  The trial court gave Boychi a choice on how to proceed; i.e., have the City provide certified redacted copies of the docket, or the court take judicial notice. Over Boychi's objection to both options, the trial court took judicial notice and instructed the jury as set forth above.

{¶13}  R.C. 2945.75(B)(1) addresses the requirements for proof of a prior conviction:

> Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction *together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar*, is sufficient to prove such prior conviction.

(Emphasis added.) The judgment entries offered by the City to prove Boychi's prior convictions do not satisfy R.C. 2945.75(B)(1) because they do not identify Boychi as the defendant. Furthermore, they do not state the category of the offense for which he was found guilty, allegedly R.C. 955.22(C), which is an essential element of the City's dangerous dog case that must be proved beyond a reasonable doubt.  *State v. Allen,* 29 Ohio St.3d. 53, 54 (1987) (when the existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element and must be proved beyond a reasonable doubt).  Thus, the judgment entries do not, on their face, prove the prior convictions necessary for the dangerous dog enhancement under R.C. 955.11(A)(1)(a)(iii), and the prior convictions were not proven by any other evidence.

{¶14}  We turn now to the question of whether the trial court improperly took judicial notice of Boychi's prior convictions. "A judicially noticed fact must be one not subject to

reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). For the reasons explained below, the fact that the prior judgment entries were for a loose dog violation under R.C. 955.22(C) does not fall within Evid.R. 201(B)(1) or (2).

**{¶15}** As this Court has repeatedly held, while trial courts may take judicial notice of proceedings in the immediate case, they cannot take judicial notice of proceedings in other cases, even if the same judge presided or if the case involves the same parties. *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.); *State v. Bardwell-Patino*, 9th Dist. Medina No. 20CA0043-M, 2021-Ohio-2048, ¶ 21. "The rationale for this rule is that an appellate court cannot review the propriety of the trial court's reliance on such prior proceedings when that record is not before the appellate court. * * * Matters outside the record cannot be used to demonstrate error, nor can they be considered in defense of the judgment" *In re J.C.* at ¶ 15.

**{¶16}** By taking judicial notice of prior proceedings in a different case, though in the same court, the trial court improperly resorted to matters outside the record, and thus not subject to our review, to establish that the prior convictions were for violations of R.C. 955.22(C)(1) and that Boychi was the defendant. *See State v. Notole*, 3d Dist. Hancock No. 5-77-11, 1978 WL 215828, * 4 (trial court erred by taking judicial notice of the entire file in a prior case to show both a conviction and identity); *see also State v. Velez*, 72 Ohio App. 3d 836, 838 (3d Dist.1991) (it was error for the trial court to take judicial notice of the judgment entry from the prior conviction that did not specify the offense without resort to extrinsic matters.); *In re R.B., III*, 6th Dist. Huron No. H-10-018/019, 2011-Ohio-5042, ¶ 15 (trial court erred in taking judicial notice of prior adjudication of domestic violence that elevated charge from a misdemeanor to a felony).

{¶17} Furthermore, even assuming arguendo the propriety of judicial notice of the matter, the instruction given by the trial court does not comply with the mandate of Evid.R. 201(G) that "[i]n a criminal case, the court shall instruct the jury that it *may*, but is not required to, accept as conclusive any fact judicially noticed." (Emphasis added.) The trial court instructed the jury that the judgment entries "*are* previous convictions of and violations of Section 955.22(C) of the Ohio Revised Code." (Emphasis added.)  The jury was not given the option of rejecting them for what they purported to represent.

{¶18} Moreover, the trial court erred by taking judicial notice of an element of the City's case not otherwise proven by the testimony or evident from the judgment entry of the prior convictions because there were other means the City could have and did offer to furnish to prove its case without relying on the trial court's interpretation of the prior judgment entries.  *See State v. Langford*, 8th Dist. Cuyahoga No. 80753, 2003-Ohio-159, ¶¶ 27-28 (Eighth District held that it was error for the trial court to take judicial notice of the defendants' prior convictions when the State offered to furnish proper journal entries for the trial court's perusal); *see also Velez* at 838.

{¶19} We conclude that the trial court erred by instructing the jury to accept as conclusive the improperly judicially noticed fact of Boychi's prior convictions for violations of  R.C. 955.22(C).

### *Sufficiency of the Evidence*

{¶20} The Ohio Supreme Court has recognized that is a "basic principle of law that the prosecution has the burden of proving a defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 263 (1991).  Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo.  *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

**{¶21}** When reviewing the sufficiency of the evidence or an order denying a motion for judgment of acquittal under Crim.R. 29, this Court must review the record and determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. We do not evaluate credibility, and we make all reasonable inferences in favor of the City. *Jenks* at 273.

**{¶22}** Additionally, as previously noted, since prior convictions under R.C. 955.22(C) are elements of the dangerous dog designation that elevate loose dog charges to fourth-degree misdemeanors and increase the penalty to include jail time and increased fines, they must be proved beyond a reasonable doubt. *Allen*, 29 Ohio St.3d at 54.

### *Insufficiency Based on Improperly Admitted Evidence*

**{¶23}** Boychi argues that based on the authority of *State v. Kareski,* 137 Ohio St.3d 92, 2013-Ohio-4008 and *State v. Lovejoy*, 79 Ohio St.3d 440 (1997), the erroneously judicially-noticed evidence cannot be considered by this Court as part of its sufficiency analysis, which in effect, necessitates an acquittal that bars reversal and retrial on Double Jeopardy grounds because the City's evidence was otherwise insufficient to support his convictions. He requests that his convictions and sentence be vacated. We disagree, and for the reasons set forth below, conclude that the improperly admitted evidence can be included in our sufficiency analysis and does not bar reversal and retrial.

**{¶24}** The Double Jeopardy Clauses of the federal and state constitutions protect criminal defendants against multiple prosecutions for the same offense and forbid a second trial for the purpose of allowing the prosecution another chance to supply evidence which it failed to muster in the first proceeding. *See State v. Brewer*, 121 Ohio St. 3d 202, 2009-Ohio-593, ¶¶ 14-15.

{¶25} In *Lockhart v. Nelson*, 488 U.S. 33 (1988), the United States Supreme Court held that a retrial is not barred when a conviction is set aside because certain evidence was erroneously admitted provided the reversal is based on trial court error rather than on the insufficiency of the evidence necessary to prove the defendant's guilt beyond a reasonable doubt; that is, provided that the sum of the trial evidence, whether erroneous or not, would have been sufficient to sustain a guilty verdict. *Id.* at 40-41.

{¶26} In *Brewer,* the Ohio Supreme Court considered this same intersection of defective process and insufficient evidence and whether an appellate court should include in its sufficiency determination evidence that had been admitted in error at trial. The *Brewer* Court ultimately adopted the rule in *Lockhart*, holding that when evidence admitted at trial is sufficient to support a conviction, but on appeal, some of that evidence is determined to have been improperly admitted, Double Jeopardy will not necessarily bar retrial. *Brewer* at ¶ 25. "An important philosophical underpinning of *Brewer* is that the state relies upon a trial court's evidentiary ruling in the presentation of its case." *Kareski,* 137 Ohio St.3d 92, 2013-Ohio-4008 at ¶ 16.

{¶27} In *Kareski*, the Ohio Supreme Court analyzed in depth the issue of when a judicially noticed fact may be relied upon by a reviewing court to determine whether sufficient evidence exists to permit retrial without violating Double Jeopardy. The *Kareski* Court compared *Brewer* and *Lockhart* with *Lovejoy,* noting that the reversals in *Brewer* and *Lockhart* were due to a fault in procedure rather than a lack of proof by the state, which was the case in *Lovejoy* and *Kareski*. *Id.* at ¶ 17.

{¶28} We conclude that Boychi's case falls into the rubric of *Brewer* and *Lockhart* wherein trial court error, and not insufficient evidence by the City, was involved. The City was prepared to present the documents supporting the dangerous dog designation, and when it became

aware of a deficiency in those documents, offered to immediately supplement them with the correct ones. Instead, the trial court erroneously chose to take judicial notice of this essential element of the City's case rather than permit the City to admit the supplemented exhibits, and the City relied upon that evidentiary ruling. Thus, this is not a situation where upon retrial, the City would be permitted to present new evidence that it was not prepared to admit during the first trial. *See Brewer* at ¶ 15.

{¶29} Here, Boychi was convicted through a judicial process that was defective. As such, the improperly admitted judicially noticed evidence can be included in this Court's sufficiency analysis and does not bar reversal and retrial on Double Jeopardy grounds. With the improperly noticed judgment entries included, the sum of the City's evidence was sufficient to raise the reasonable inference that Boychi had three previous violations of R.C. 955.22(C) and that his dogs were dangerous dogs under R.C. 955.11(A)(1)(a)(iii).

{¶30} Accordingly, Boychi's first and second assignments of error are sustained in part and overruled in part.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT COMMITTED PLAIN ERROR BY PERMITTING INTRODUCTION OF SUBSTANTIAL EVIDENCE OF OTHER WRONGS AND BAD ACTS IN VIOLATION OF EVID. R. 403(A) AND 404(B).**

{¶31} Boychi's third assignment of error is moot considering our disposition under the first and second assignments of error.

III.

{¶32} This matter is hereby reversed and remanded to the Barberton Municipal Court for further proceedings consistent with this opinion.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

LOUIS E. GRUBE and MELISSA A. GHRIST, Attorneys at Law, for Appellant.

JENNIFER A. ROBERTS, Prosecuting Attorney, for Appellee.