[Cite as *State v. Arnold*, 2017-Ohio-326.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 13-16-13

      v.

LESTER C. ARNOLD,                   O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. 15-CRB-1506A

**Judgment Affirmed**

**Date of Decision:   January 30, 2017**


APPEARANCES:

    *Gene P. Murray* **for Appellant**

    *Charles R. Hall, Jr.* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Lester C. Arnold ("Arnold"), appeals the April 28, 2016 judgment entry of conviction and sentence of the Tiffin-Fostoria Municipal Court, resulting from Arnold's plea of no contest to a charge of failing to confine a dangerous dog in violation of R.C. 955.22(D)(1). On appeal, Arnold argues that his conviction should be overturned and that the trial court abused its discretion in ordering, as part of Arnold's sentence, that the dog be destroyed. For the reasons that follow, we affirm.

{¶2} This case stems from a September 14, 2015 incident in which a Belgian Malinois dog—for which Arnold was caring while his son was away—escaped from Arnold's residence and mauled a mailman. (*See* Doc. No. 2). On October 13, 2015, a complaint was filed charging Arnold with one count of failing to confine a dangerous dog in violation of R.C. 955.22(D)(1), a misdemeanor of the third or fourth degree.[1] (*Id.*). Arnold pled not guilty to the charge. (Doc. No. 6).

{¶3} On April 28, 2016, the trial court held a change-of-plea and sentencing hearing. (Apr. 28, 2016 Tr. at 2). At that hearing, Arnold entered a plea of no contest to the charge in the complaint. (*Id.* at 3-4). The trial court accepted Arnold's plea of no contest and found him guilty of the offense. (*Id.* at 4, 8). The trial court

---

[1] R.C. 955.99(G) provides, "Whoever commits * * * a violation of division (D) of [R.C. 955.22] is guilty of a misdemeanor of the fourth degree on a first offense and of a misdemeanor of the third degree on each subsequent offense."

sentenced Arnold: to 60 days in jail with all 60 days conditionally suspended upon compliance with the terms and conditions of probation; to two years on probation; and to pay a fine of $250, plus court costs. (*Id.* at 12); (Doc. No. 17). The trial court also ordered, among other things, that Arnold not own or harbor a dog while on probation and that he submit "proof that dog has been put down by May 11, 2016." (*Id.*); (*Id.*). The trial court filed its judgment entry of conviction and sentence on April 28, 2016. (Doc. No. 17).

{¶4} On May 11, 2016, Arnold filed a notice of appeal. (Doc. No. 20). He raises one assignment of error for our review.

### Assignment of Error

**The trial court abused its discretion by improperly and prejudicially indicating, anecdoting [sic], and wrongly factoring in a self-interpreted directive to make a judgment that defendant-appellant Lester Arnold should and would be found guilty, and thereafter, said trial court prejudicially abused its discretion by imposing a sentencing order to "put down" the dog named Caeto, i.e. to kill the dog Caeto, a Belgian Malinois breed, unreasonably ignoring other viable options for the fate of the canine, thereby resulting in reversible error.**

{¶5} It is unclear exactly what Arnold argues in his assignment of error. It appears he argues that his conviction should be overturned because there was "no evidence placed on the record" that the dog, Caeto, "was a vicious dog, prior to the incident on September 14, 2015." (Appellant's Brief at 8). He also appears to argue that the trial court abused its discretion when it "summarily ordered a death

sentence for the dog" despite the existence of "an available donee for the dog Caeto for training and service to law enforcement." (*Id.* at 10).

{**¶6**} As an initial matter, Arnold's brief fails to conform with the Rules of Appellate Procedure because in it, Arnold raises issues that are not specifically assigned as error and briefed according to App.R. 16. *See Headings v. Ranco, Inc.*, 3d Dist. Union No. 14-04-33, 2005-Ohio-1095, ¶ 6, citing *Chem. Bank of New York v. Neman*, 52 Ohio St.3d 204, 207 (1990) and *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 202-203 (1986). Rather, Arnold appears to make multiple, unrelated arguments under a single assignment of error, which is unclear and unartfully worded at that. Under App.R. 12(A), we are not required to address the issues that Arnold raises improperly. *Id.* Nevertheless, in the interest of justice, we will address the issues raised in the "ARGUMENT" section of Arnold's brief,[2] although we will construe those issues narrowly.

---

[2] Under the "CONCLUSION" portion of Arnold's brief, he appears to raise yet another issue. There, Arnold argues that the trial court "appeared to be inappropriately taking a victory lap" by referring to a prior, unrelated criminal case against Arnold's son and that this "directional case-in-pointing by the victory lapping trial court" was improper. (Appellant's Brief at 11-12). Under App.R. 16(A)(8), an "appellant shall include in its brief * * * [a] conclusion *briefly stating the precise relief sought*." (Emphasis added.) The conclusion portion of a brief is not a place to raise issues not argued in the argument portion of the brief, and we decline to address Arnold's argument. At any rate, it is unclear precisely what Arnold is arguing in his conclusion.

**{¶7}** We will first address Arnold's argument that his conviction should be overturned. Arnold was charged with violating R.C. 955.22(D)(1).[3] That statute provides:

(D) Except when a dangerous dog is lawfully engaged in hunting or training for the purpose of hunting and is accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of a dangerous dog shall fail to * * *:

(1) While that dog is on the premises of the owner, keeper, or harborer, securely confine it at all times in a locked pen that has a top, locked fenced yard, or other locked enclosure that has a top * * *.

R.C. 955.22(D)(1). "'Dangerous dog' means a dog that, without provocation, * * * has done any of the following: (i) Caused injury, other than killing or serious injury, to any person; (ii) Killed another dog; (iii) Been the subject of a third or subsequent violation of [R.C. 955.22(C)]." R.C. 955.11(A)(1)(a), cited in R.C. 955.22(A) ("As used in this section, 'dangerous dog' has the same meaning as in [R.C. 955.11].").

---

[3] Although the complaint charges Arnold with violating R.C. 955.22(D)(1), the complaint alleges that Arnold failed to confine a *vicious* dog. The complaint also alleges that the alleged violation of R.C. 955.22(D)(1) is a misdemeanor of the first degree. R.C. 955.22 was amended in 2012 by Sub.H.B. 14. *See Lima v. Stepleton*, 3d Dist. Allen No. 1-13-28, 2013-Ohio-5655, ¶ 48 (Preston, J., dissenting). By that amendment, all references to "vicious" dog were removed from that statute, and a violation of R.C. 955.22(D)(1) is either a fourth-degree or third-degree misdemeanor. *See* Sub.H.B. 14, 2012 Ohio Laws File 75. In the proceeding below and on appeal, the parties mistakenly refer to "vicious" dog rather than "dangerous" dog. Nevertheless, Arnold did not challenge in the trial court and does not challenge on appeal the contents of the complaint. Accordingly, we will not address that issue.

**{¶8}** R.C. 2937.07 governs a trial court's actions relative to a plea of "no contest" in a misdemeanor case. *See State v. Smyers*, 5th Dist. Muskingum No. CT03-0039, 2004-Ohio-851, ¶ 11. That statute provides, in relevant part: "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." Absent an explanation of the circumstances of the offense, "a no contest plea may not be the basis for a finding of guilty." *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984). In this case, Arnold appears to argue that absent from the record is an explanation that the dog "was a vicious dog, prior to the incident on September 14, 2015." (Appellant's Brief at 8). However, as we will explain below, Arnold waived the explanation-of-the-circumstances requirement of R.C. 2937.07; therefore, it was not error for the trial court to find Arnold guilty absent an explanation that the dog was dangerous as defined in R.C. 955.11.

**{¶9}** "Although R.C. 2937.07 is mandatory, a defendant could invite noncompliance with the statute or waive its requirements," including the explanation of the circumstances. *State v. Vittorio*, 7th Dist. Mahoning No. 09 MA 166, 2011-Ohio-1657, ¶ 17, citing *State v. Howell*, 7th Dist. Mahoning No. 04 MA 31, 2005-Ohio-2927, ¶ 20, citing *City of N. Ridgeville v. Roth*, 9th Dist. Lorain No.

03CA008396, 2004-Ohio-4447, ¶ 12.  Indeed, several Ohio courts "have held that R.C. 2937.07 is waivable."  *State v. Kern*, 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988, ¶ 12, citing *City of Broadview Hts. v. Burrows*, 8th Dist. Cuyahoga No. 79161, 2001 WL 1174264, *2 (Oct. 4, 2001), *Smyers* at ¶ 12, *State v. Ritch*, 4th Dist. Scioto No. 97CA2491, 1998 WL 282970 (May 11, 1998), *Roth* at ¶ 12, and *Howell* at ¶ 20.

{¶10} It does not appear that this court has addressed whether a defendant may waive the requirements of R.C. 2937.07.  We join the many other Ohio courts that have held that the explanation-of-the-circumstances requirement of R.C. 2937.07 is waivable.  *See Kern* at ¶ 12.  We further hold that Arnold waived that requirement in this case.  At the change-of-plea and sentencing hearing, the following exchange took place when Arnold, through counsel, entered his plea of no contest:

> [Trial Court]: And how does your client wish to plea plead [sic], [Defense Counsel]?
>
> [Defense Counsel]: No contest.  Consent to a finding of guilt, Your Honor.  And there's an actual basis.
>
> [Trial Court]: And you understand, Mr. Arnold, by entering a plea of no contest, you're admitting the truth of the facts as alleged on the face of the A charge.

| [Defendant]: | Yes, sir. |
| [Trial Court]: | And you understand what the maximum possible penalties are. |
| [Defendant]: | Yes, sir. |
| [Trial Court]: | At this time, I'll accept your pleas [sic] of no contest. |

(Apr. 28, 2016 Tr. at 3-4).

**{¶11}** The Seventh District Court of Appeals in *Vittorio* held that the defendant, "with counsel, entered a stipulation of guilt, thereby waiving the [R.C. 2937.07] requirement." *Vittorio* at ¶ 22. Specifically, the defendant's counsel said at the change-of-plea hearing, "We would waive any defects in the preparation and service of the amended complaint stipulate [sic] to a finding of guilt." *Id.* at ¶ 21. The Seventh District held that the defendant's "'stipulation to a finding of guilt' constituted a waiver of the R.C. 2937.07 requirements." *Id.* at ¶ 2. In this case, not only did Arnold, through counsel, "[c]onsent to a finding of guilt," he also stated, "And there's an actual basis." (Apr. 28, 2016 Tr. at 3). Therefore, we hold that Arnold waived the R.C. 2937.07 explanation-of-the-circumstances requirement in this case.

**{¶12}** Even assuming Arnold did not waive the R.C. 2937.07 requirements, we would not hold that his conviction should be reversed. *See Ritch*, 1998 WL

-8-

282970, at \*4 ("Even assuming, *arguendo*, that such explanation was not properly waived in these circumstances, we would still not be inclined to reverse the judgment on this point."). "The 'invited error doctrine' holds that a party will not be permitted to take advantage of an error which he himself invited or induced the court to make." *Id.*, citing *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections*, 80 Ohio St.3d 176, 181 (1997) and *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254 (1995). As in *Ritch*, based on the discussion at the change-of-plea and sentencing hearing, "[t]here is no doubt here that the trial court dispensed with having the prosecution give an explanation of circumstances on the invitation of appellant himself." *Id.* at \*4. That is, Arnold consented to a finding of guilt and that there is "an actual basis." (Apr. 28, 2016 Tr. at 3). "He cannot now take advantage of the fact that his invitation was accepted and demand a reversal of the judgment." *Ritch* at \*4. Accordingly, we uphold Arnold's conviction for violating 955.22(D)(1).

{¶13} We next address Arnold's argument that the trial court abused its discretion when it ordered, as part of Arnold's sentence, that the dog be destroyed. "We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard." *State v. Nolan*, 3d Dist. Marion No. 9-15-48, 2016-Ohio-2985, ¶ 12, citing R.C. 2929.22 and *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, ¶ 15 (1st Dist.). An abuse of discretion implies that the trial court's decision

was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶14} Arnold does *not* argue that the trial court's order that the dog be destroyed is contrary to law. Indeed, R.C. 955.99 provides, in relevant part:

> Whoever commits a violation of * * * [R.C. 955.22(D)] is guilty of a misdemeanor of the fourth degree on a first offense and of a misdemeanor of the third degree on each subsequent offense. Additionally, the court may order the offender to personally supervise the dangerous dog that the offender owns, keeps, or harbors, to cause that dog to complete dog obedience training, or to do both, and the court may order the offender to obtain liability insurance pursuant to division (E) of section 955.22 of the Revised Code. *The court, in the alternative, may order the dangerous dog to be humanely destroyed by a licensed veterinarian, the county dog warden, or the county humane society at the owner's expense.*

(Emphasis added.) R.C. 955.99(G). Rather, Arnold argues that the trial court failed to properly consider that the current keeper of the dog "has indicated that while in his physical custody, the dog Caeto has not bitten anyone, nor attempted to bite anyone, and that [the current keeper of the dog] has an available donee for the dog Caeto for training and service to law enforcement." (Appellant's Brief at 10).

**{¶15}** "A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence." *Nolan* at ¶ 12, citing *State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, ¶ 24. R.C. 2929.21 provides, in relevant part:

(A)  A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code * * * shall be guided by the overriding purposes of misdemeanor sentencing.  The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender.  To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

(B)  A sentence imposed for a misdemeanor or minor misdemeanor violation of a Revised Code provision * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and

its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

R.C. 2929.21.

**{¶16}** Generally, "a court that imposes a sentence under [R.C. Chapter 2929] upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A). R.C. 2929.22(B) "sets forth specific factors for the trial court to consider before imposing a sentence, including the nature and circumstances of the offense, the offender's history of criminal conduct, the victim's circumstances, and the likelihood that the offender will commit future crimes." *Nolan*, 2016-Ohio-2985, at ¶ 12.

**{¶17}** At the change-of-plea and sentencing hearing, counsel for the State indicated that, as part of the sentence, the State was "asking the dog be ordered either surrendered to law enforcement or destroyed." (Apr. 28, 2016 Tr. at 3). Arnold's counsel later stated, "We just ask the Court to adopt the prosecutor's recommendation." (*Id.* at 9). When the trial court asked about the dog's whereabouts, counsel for the State responded, "It's at a kennel in Cleveland awaiting transport to a law enforcement officer, but we wouldn't do that until the case was over." (*Id.* at 5). Arnold's counsel indicated, "Mr. Arnold doesn't want

the dog back or any other dog in his home, Your Honor." (*Id.* at 6). Arnold added, "I checked to see about killing the dog. They want from 20 to $50 a day to keep a dog." (*Id.* at 7).

{¶18} Arnold's counsel indicated at the hearing, "There were some serious injuries." (*Id.* at 4). The trial court apparently agreed, saying, "I've never seen anything like this," to which Arnold responded, "He's a pretty athletic dog, Your Honor." (*Id.* at 5). Arnold's counsel later added, "It's terrible." (*Id.* at 8). When the trial court stated that it was "not sure that a dog that does this is going to be able to be rehabilitated," Arnold's counsel responded, "I agree, Your Honor." (*Id.* at 7). Counsel for the State added, "Two months ago, the trainer at [the kennel] said he thought it could be, but now it's been two more months of being in a cage. I'm just not sure." (*Id.*).

{¶19} We reject for no fewer than three reasons Arnold's argument that the trial court abused its discretion in ordering that the dog be destroyed. First, Arnold fails to suggest exactly why or how—in relation R.C. 2929.21 and 2929.22—the trial court abused its discretion in supposedly not considering the circumstances mentioned by Arnold. It is not this court's duty to create an argument for an appellant, and we will not do so in this case. *See State v. Wendel*, 3d Dist. Union No. 14-13-23, 2016-Ohio-7915, ¶ 39. Second, Arnold asked the trial court to adopt the State's sentencing recommendation, which included, as a potential alternative,

the dog being destroyed. By doing so, he waived any argument that the trial court should not have included as part of the sentence that the dog be destroyed. *See State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 9-10. Finally, even were we to address the merits of Arnold's argument, the transcript of the hearing indicates that Arnold and his counsel acknowledged the serious injuries sustained by the victim and the need for Arnold to avoid any future dog ownership or handling. The transcript also reveals that Arnold's counsel concurred when the trial court expressed doubt about whether the dog could be rehabilitated. For these reasons, the trial court did not abuse its discretion by ordering that the dog be destroyed.

{¶20} Arnold's assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**

**ROGERS, J., dissenting.**

{¶22} I must respectfully dissent from the opinion of the majority.

{¶23} I start with a consideration of the plea proceedings.

{¶24} R.C. 2937.07 provides, in relevant part:

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.

**{¶25}** In *Bowers*, the Ohio Supreme Court addressed the juxtaposition between this portion of R.C. 2937.07 and Crim.R. 11(B)(2), which provides that a "plea of no contest is * * * an admission of the truth of the facts alleged in the * * * complaint * * * ." Ultimately, the Court found that R.C. 2937.07 provided a criminal defendant with the *substantive right* to require of the trial court an explanation of circumstances following a plea of no contest to a misdemeanor. *Bowers,* 9 Ohio St.3d at 150-151.

**{¶26}** The majority chooses to adopt the view of the Seventh District Court of Appeals that a stipulation to a finding of guilt is—*by itself*—sufficient to waive the explanation of circumstances requirement. I do not believe this view is consistent with Ohio law or the Ohio Supreme Court's holding in *Bowers*.

**{¶27}** Other Ohio appellate courts seem to share this concern. For example, in *State v. Roland*, the Second District Court of Appeals considered whether the defendant's "agreement to be found guilty" waived the explanation-of-circumstances requirement. 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517, ¶ 18. The court concluded that the defendant's agreement "was no more than his agreement to be found guilty in accordance with R.C. 2937.07 * * * ." *Id*.

{¶28} Likewise, in *City of Berea v. Moorer*, the Eighth District Court of Appeals considered whether defense counsel's stipulation to the facts and a finding of guilt waived the explanation-of-circumstances requirement. 8th Dist. Cuyahoga No. 103293, 2016-Ohio-3452. The court concluded that it did not because "there was no *explicit* waiver of the reading of the facts or explanation of circumstances." (Emphasis added.) *Id*. at ¶ 13.

{¶29} Again, in *Roth*, the Ninth District Court of Appeals concluded, "Because [defense counsel] *explicitly* waived a reading of the facts, Mr. Roth cannot now raise on appeal the argument that the court did not read the facts at the time that he made his no contest plea." (Emphasis added.) 2004-Ohio-4447, ¶ 12.

{¶30} It is my opinion that R.C. 2937.07 requires the trial court to make a determination of the sufficiency of the evidence from the facts in the record, and that this requirement is a substantive right which cannot be waived, and if it could, it certainly was not explicitly waived in this case.

{¶31} Further, there was considerable confusion as to the section of law under which Arnold was charged as opposed to that with which he was convicted.

{¶32} R.C. 955.22 governs the confinement of dogs. It requires the owner, keeper, harborer, or handler of a dog to "[k]eep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape" and "[k]eep the

dog under the reasonable control of some person." R.C. 955.22(C)(1). The penalty for violating this statute depends on whether the dog is a "nuisance dog," "dangerous dog," or "vicious dog." R.C. 955. 22(E)(1)-(H)(2).

{¶33} "Nuisance dog" means "* * * a dog that without provocation and while off the premises of its owner, keeper, or harborer has chased or approached a person in either a menacing fashion or an apparent attitude of attack or has attempted to bite or otherwise endanger any person." R.C. 955.11(A)(3)(a).

{¶34} "Dangerous dog" means "a dog that, without provocation, * * * has [c]aused injury, other than killing or serious injury, to any person; [k]illed another dog; [or] [b]een the subject of a third or subsequent violation of [R.C. 955.22(C)(1).]" R.C. 955.11(A)(1)(a).

{¶35} "Vicious dog" means "a dog that, without provocation * * *, has killed or caused serious injury to any person." R.C. 955.11(A)(6)(a).

{¶36} While R.C. 955.22(C)(1) applies to every owner, keeper, or harborer of a dog, R.C. 955.22(D)(1) adds additional responsibilities for the owner, keeper, or harborer of a dangerous dog. It requires the owner, keeper, or harborer to "[w]hile that dog is on [their] premises * * * , securely confine it at all times in a locked pen that has a top, locked fenced yard, or other locked enclosure that has a top."[4] R.C. 955.22(D)(1).

---

[4] Under former R.C. 955.22(D)(1), these requirements also applied to vicious dogs.

{¶37} Under either statute, if the dog involved is vicious or dangerous, then the court may order the dog to be humanely destroyed by a licensed veterinarian, the county dog warden, or the county humane society at the owner's expense. R.C. 955.99(G), (H)(1).

{¶38} The complaint alleged that Arnold "did unlawfully and while being the owner, keeper, or harborer of a vicious dog, did fail to securely confine the vicious dog on premises, as required by statute." (Emphasis added.) (Docket No. 2). Although the compliant referred to the dog as vicious, it cited R.C. 955.22(D)(1), the dangerous dog statute.[5]   The judgment entry also referred to the offense as "SECURE VIC DOG" but cited R.C. 955.22(D)(1). (Docket No. 17). Neither document cited R.C. 955.22(C)(1) or 955.99(H)(1), the statutes pertaining to vicious dogs.

{¶39} From the record, it is clear that neither defense counsel nor the prosecutor recognized the difference between the designation as a dangerous dog or vicious dog. The trial judge also referred to the dog as vicious although Arnold was charged under the dangerous dog statute. Further, although citing R. C. 955.22 (D)(1) as the offense of which Arnold was being convicted, the trial court's entry again referred to a "vic" (vicious) dog. If the parties and the trial court were so

---

[5] It is also worth noting that the complaint alleged that Arnold failed to "securely confine" the vicious dog, and this phrase is found only in the dangerous dog statute. (Docket No. 2).

confused as to the offense at issue, there certainly could be no finding as to the sufficiency of the evidence. If for no other reason, this conviction must be reversed due to the mutual mistake of the parties and the trial judge, as to the offense at issue.

{¶40} There is the further problem of whether the offense could properly be brought under either statute. The statutes defining a "dangerous dog" and "vicious dog" both are drafted in the past tense. I interpret that to mean that there must have been a prior incident to put the owner, keeper, or harborer on notice or a prior designation as a "dangerous dog" or a "vicious dog" before anyone could be charged under the statutes at issue. How can one fail to confine a dangerous or vicious dog if one is not aware that the dog meets that criteria? There is no evidence in this case that the dog had been previously designated as a dangerous or vicious dog or that the dog had previously caused injury to another. The fact that the Dog Warden only served a notice of designation subsequent to and based on the incident leading to Arnold's charge certainly requires the conclusion that there had been no previous designation.

{¶41} Additionally, the trial court's sentencing entry included an order that the court be provided with evidence that the dog had been "put down" by a certain date. R.C. 955.99(G) and (H)(1) provide that upon conviction of either R.C. 955.22(C)(1) or (D)(1), the court may order the dog to be humanely destroyed by a licensed veterinarian, the county dog warden, or the county humane society at the

owner's expense. Here, the trial court failed to designate the responsibility of destruction to any person or official, and I would find that order to be inadequate and unenforceable. Further, the statute provides that the trial court should order the expense of the destruction be the owner's responsibility. Here, the trial court failed to designate that responsibility, and since it was undisputed that Arnold was not the owner but was only keeping the dog temporarily for his son, the trial court could not order him to be responsible for the costs of destruction.

{¶42} Finally, the majority fails to note that the trial court committed plain error in ordering Arnold to pay restitution to the kennel company. There are two potential statutes governing this issue, neither of which are applicable in this case. First, R.C. 2929.28 (A)(1) provides that a trial court may order an offender to pay restitution "to the victim of the offender's crime or any survivor of the victim." The kennel company was not a victim of Arnold's crime and therefore cannot receive restitution under R.C. 2929.28(A)(1). Second, R.C. 955.99(G) allows for a dangerous dog to be confined in a county pound, at the dog owner's expense, until the court makes a final determination as to the offender's guilt or innocence. However, this part of the statute only applies to violations of R.C. 955.22(C), and Arnold was convicted under R.C. 955.22(D). Furthermore, the kennel where the dog was being housed was not the county pound.

{¶43} Also, the trial court failed to determine or specify the amount of restitution and therefore the order would be unenforceable even if proper. The majority would probably contend that the order of restitution was included as a term of probation and is therefore enforceable. However, I maintain that the trial court can only order that which is authorized by statute.

{¶44} For all of the reasons listed above, I would vacate the orders of the trial court and order that the charge be dismissed.

/jlr