[Cite as *Columbus v. Chiles*, 2017-Ohio-8376.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | No. 17AP-64 |
| | | (M.C. No. 2016 TRD 127544) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Adam S. Chiles, | : | |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on October 31, 2017

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney, *Melanie R. Tobias*, and *Orly Ahroni*, for appellee. **Argued:** *Melanie R. Tobias.*

**On brief:** *Yeura Venters*, Public Defender, and *George M. Schumann*, for appellant. **Argued:** *George M. Schumann.*

### APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Adam S. Chiles, appeals from a judgment entry of the Franklin County Municipal Court finding him guilty, pursuant to no contest plea, of failing to stop, driving under suspension, no operator's license, and failure to control. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} On April 7, 2016, Chiles received a citation following an automobile accident alleging four violations of the Columbus Traffic Code ("CTC"): (1) failure to stop in violation of CTC 2135.12(A), a first-degree misdemeanor; (2) driving under suspension in violation of CTC 2141.11(A), a first-degree misdemeanor; (3) no operator's license in violation of CTC 2141.12(A)(1), a first-degree misdemeanor; and (4) failure to control in

violation of CTC 2131.33, a minor misdemeanor. Chiles initially entered a plea of not guilty and entered a jury demand.

{¶ 3} At a hearing on July 27, 2016, Chiles entered no contest pleas to all four charges. The trial court accepted Chiles' no contest pleas and found Chiles guilty on all four counts. The trial court then ordered a restitution hearing prior to sentencing.

{¶ 4} On November 23, 2016, Chiles filed a motion to dispute restitution, arguing the restitution provision in the failure to stop ordinance was unconstitutional. Plaintiff-appellee, City of Columbus, did not file a response to Chiles' motion to dispute restitution. The trial court then conducted a contested restitution hearing on December 8, 2016 during which the parties disputed whether Chiles had insurance at the time of the incident giving rise to the citation.

{¶ 5} On January 19, 2017, the trial court filed a decision and entry denying Chiles' motion to dispute restitution and rejecting Chiles' constitutional challenge to the failure to stop ordinance. At a hearing that same day, the trial court ordered Chiles to pay a $150 fine plus court costs, ordered Chiles to pay restitution in the amount of $4,331.12 to Evina Emvoutou, the other driver involved in the accident, and imposed a six-month driver's license suspension. The trial court stayed the sentence pending appeal. The trial court journalized Chiles' convictions and sentence in a January 19, 2017 sentencing entry. Chiles timely appeals.

## II. Assignments of Error

{¶ 6} Chiles assigns the following errors for our review:

[1.] The trial court violated the Defendant-Appellant's substantive rights conferred by R.C. 2937.07 by making findings of guilty after no contest pleas without obtaining any explanation of circumstances concerning the offenses of failing to stop, DUS, and No Ops.

[2.] CTC 2135.12(b)(1) is unconstitutional in violation of the right to a jury trial under the United States and Ohio Constitutions, as it authorizes the trial court to impose an additional punishment, above the statutory maximum, based on additional facts not found by the jury or admitted by the defendant.

[3.] CTC 2135.12(b)(1) is unconstitutional in violation of the due process of law protections under the United States and Ohio Constitutions, as the restitution provision is not rationally related to a legitimate governmental interest.

## III. First Assignment of Error – No Contest Pleas

{¶ 7} In his first assignment of error, Chiles argues the trial court erred by making findings of guilty on the offenses of failing to stop, driving under suspension, and no operator's license. More specifically, Chiles asserts the trial court violated his substantive rights under R.C. 2937.07 when it accepted his no contest pleas and found him guilty without obtaining any explanation of circumstances concerning these three offenses. Chiles is not challenging his no contest plea and subsequent guilty finding on the offense of failure to control.

{¶ 8} "A plea of no contest allows the trial court to enter a finding of guilty to the charged offense following an explanation of the circumstances by the city." *Columbus v. Gullett*, 10th Dist. No. 90AP-2 (July 12, 1990), citing R.C. 2937.07. "Such a plea constitutes an admission of the facts alleged in the complaint." *Id.*, citing Crim.R. 11(B)(2). An appellate court reviews de novo a trial court's finding of guilt on a no contest plea to a misdemeanor. *Id.* (stating "[o]n appeal, the focus is whether the facts recited are sufficient to support a conviction of the charged offense"); *State v. Erskine*, 4th Dist. No. 14CA17, 2015-Ohio-710, ¶ 10. Thus, "[w]e review the explanation of circumstances to determine if there is sufficient evidence in the record to establish all of the elements of the offense." *Erskine* at ¶ 10, citing *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151 (1984) (stating the relevant inquiry is whether the court made the necessary explanation of circumstances to support a finding of guilty).

{¶ 9} R.C. 2937.07, the statute governing pleas of no contest in misdemeanor cases, provides, in pertinent part:

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense,

and the judge or magistrate may base a finding on the facts
alleged in the complaint.

The Supreme Court of Ohio has clarified that R.C. 2937.07 confers a substantive right, and "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Cuyahoga Falls* at 150.

{¶ 10} When Chiles entered his no contest plea to the four offenses at the July 27, 2016 hearing, the trial court inquired whether Chiles understood the consequences of a no contest plea and asked Chiles and his counsel whether Chiles was making his plea knowingly, intelligently, and voluntarily. The following exchange then occurred:

THE COURT: Sir, what is your plea to failure to stop after an accident, otherwise known as a hit skip, a misdemeanor of the first degree, a violation of 2135.12(a)?

THE DEFENDANT: No contest.

[DEFENSE COUNSEL]: Pleading no contest to all charges, Your Honor.

THE COURT: Does defendant stipulate finding of guilty?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: The Court will accept your plea to the hit skip, count 1, find there is sufficient facts to find the defendant guilty, and based on defendant's stipulation, find the defendant guilty.

[PROSECUTOR]: Your Honor, they're not accepting my offer. The defendant is pleading no contest to all three counts.

THE COURT: Okay. What is your plea to the driving under suspension, misdemeanor of the first degree?

THE DEFENDANT: Also no contest.

THE COURT: Defendant stipulates to finding of guilty?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Okay. The Court will find you - - accept your no contest plea and find you guilty with defendant's stipulated

finding of guilty. No operator's license, what is your plea to that misdemeanor of the first degree, in violation of 2141.12(A)(1)?

THE DEFENDANT: No contest.

THE COURT: And the defendant stipulates to a finding of guilty?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: The Court will accept the same. And the failure to control as a minor misdemeanor, violation of 2131.33(a), what is your plea?

THE DEFENDANT: No contest, Your Honor.

THE COURT: Stipulate finding?

[DEFENSE COUNSEL]: Yes, stipulate.

THE COURT: The Court will accept your plea with the defendant's stipulated finding of guilty.

(July 27, 2016 Tr. 3-5.) Chiles does not challenge the trial court's finding of guilty on the charge of failure to control as that offense is a minor misdemeanor, and R.C. 2937.07 does not require an explanation of circumstances for minor misdemeanors. However, with respect to the remaining three charges, Chiles argues the trial court erred in making findings of guilty on the offenses of failing to stop, driving under suspension, and no operator's license because there is nothing in the above colloquy that establishes the elements of each of those offenses.

{¶ 11} "Although a no contest plea relieves the government of its burden to prove guilt beyond a reasonable doubt, the statutorily required explanation of circumstances must contain facts supporting all elements of the offense." *Columbus v. Kiner*, 10th Dist. No. 11AP-21, 2011-Ohio-4479, ¶ 8, citing *State v. Gilbo*, 96 Ohio App.3d 332, 337 (2d Dist.1994). "This requirement 'does not mandate that sworn testimony be taken but instead only contemplates some explanation of the facts surrounding the offense to ensure that the trial court does not make a finding of guilty in a perfunctory fashion.' " *Id.*, quoting *State v. Jasper*, 2d Dist. No. 2005 CA 98, 2006-Ohio-3197, ¶ 32. Moreover, it is

not enough to say the trial court could have made a finding of guilty based on the documentary evidence in the case file. "The question is not whether the court *could* have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court *made* the necessary explanation in this instance." (Emphasis added.) *Cuyahoga Falls* at 151.

{¶ 12} Here, the city does not dispute that neither the city nor the trial court engaged in an explanation of circumstances containing facts supporting all elements of the three offenses. Instead, however, the city asserts Chiles waived the explanation of circumstances when his counsel affirmatively answered the trial court's question of whether Chiles "stipulate[s to a] finding of guilty." (July 27, 2016 Tr. 3-5.) The issue before us, then, is whether a defendant can waive the statutorily required explanation of circumstances and, if so, whether Chiles' statements at the July 27, 2016 hearing were sufficient to constitute a wavier of the explanation of circumstances.

{¶ 13} The city relies on this court's decision in *State v. Evans*, 10th Dist. No. 97APC12-1620 (July 9, 1998). In *Evans*, we stated "the trial court made its finding based upon a stipulated finding of guilt submitted by [the defendant's] counsel in open court and in the presence of [the defendant]. Given the stipulated finding of guilt, no error occurred in regard to the determination of guilt." *Evans*. The city construes this statement to mean that a stipulated finding of guilt sufficiently waives an explanation of circumstances. However, *Evans* did not involve the absence of an explanation of circumstances. Instead, the above-quoted language from *Evans* was in response to the defendant's argument that the explanation of circumstances upon which the trial court based its determination of guilt was factually inaccurate. Thus, *Evans* is inapposite to the present case.

{¶ 14} Because *Evans* does not involve the waiver of an explanation of circumstances, the question of whether, and how, a defendant can waive the explanation of circumstances appears to be a matter of first impression for this court. Thus, we look to the decisions of the other Ohio appellate districts for guidance.

{¶ 15} The Sixth District recently addressed this exact issue in *State v. Korossy*, 6th Dist. No. OT-16-025, 2017-Ohio-7275, and we find its reasoning to be instructive. In *Korossy*, the Sixth District first noted that it has "recognized that a defendant may waive

the required R.C. 2937.07 explanation of the circumstances," but noted that "[a]ny such waiver must be explicit." *Id.* at ¶ 12, citing *State v. Kern*, 6th Dist. No. L-14-1173, 2015-Ohio-1988, ¶ 12; *State v. Smyers*, 5th Dist. No. CT03-0039, 2004-Ohio-851, ¶ 13; *Middleburg Hts. v. Elsing*, 8th Dist. No. 105231, 2017-Ohio-6891, ¶ 13. The Sixth District noted that a waiver of the explanation of the elements of the offense did not constitute a waiver of an explanation of the circumstances under R.C. 2937.07. *Korossy* at ¶ 13, citing *Kern* at ¶ 11; *State v. Pugh*, 6th Dist. No. E-11-014, 2012-Ohio-829, ¶ 11 ("[a]n explanation that merely restates the statutory elements of the offense is not sufficient" to constitute an explanation of circumstances).

{¶ 16} The Sixth District then considered whether the defendant waived the explanation of circumstances when the trial court asked the defendant "[i]s there a consent to a finding of guilt in this matter?" and the defendant responded "[y]es, Your Honor." *Korossy* at ¶ 14. The Sixth District rejected the state's argument that the consent to the finding of guilty constituted a waiver, stating:

> Contrary to the state's position, many Ohio courts have concluded that a defendant's stipulation of guilt upon pleading no contest does not by itself constitute a waiver. (Citations omitted.) [*State v. Schornak*, 2d Dist. 2014-CA-59, 2015-Ohio-3383, ¶ 12]. Rather, those courts explain, a stipulation to be found guilty following a no-contest plea is no more than an agreement to be found guilty in accordance with R.C. 2937.07. *State v. Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517, ¶ 18. It is not the functional equivalent of a guilty plea and it does not relieve the trial court of its duty to obtain an explanation of the circumstances before making a finding of guilt unless it is accompanied by a clear waiver by the defendant. *Id.* at ¶ 18; *State v. Brown*, 3d Dist. Marion No. 9-16-37, 2017-Ohio-678, ¶ 13. *But see State v. Clark*, 7th Dist. Mahoning No. 16 MA 0106, 2017-Ohio-4287, ¶ 17 ("[C]ounsel's stipulation to a finding could be read as a stipulation to a finding of guilt and a waiver of a further reading of the explanation of circumstances.").
>
> In *Brown*, the trial court, in its judgment entry, submitted the defendant's plea as "No Contest, with a stipulated finding of Guilty." *Id.* at ¶ 10. The Third District determined that this entry did not—by itself—constitute a waiver. "Rather, a no contest plea with a stipulated finding of guilty must be accompanied by conduct on the part of the defendant that

> objectively indicates a clear intention to waive the explanation of circumstances." *Id.*
>
> The *Brown* court distinguished [*State v. Arnold*, 3d Dist. No. 13-16-13, 2017-Ohio-326, ¶ 10], where it found that the defendant waived the explanation of circumstances requirement. In *Arnold*, when asked for his plea, the defendant answered through his counsel, "No contest. Consent to a finding of guilt, Your Honor. And there's an actual basis." *Id.* The court determined that by offering that there was "an actual basis" for a finding of guilt, the defendant went beyond a bare admission of the facts of the complaint and admitted that the facts were sufficient to establish guilt.
>
> We agree with the distinction articulated by the Third District. And we find here that Korossy's consent to a finding of guilt did not waive the explanation of circumstances requirement. Accordingly, it was incumbent on the court to request an explanation of the circumstances before it could properly make a finding of guilt. Because it failed to do so, we find Korossy's first assignment of error well-taken.

*Korossy* at ¶ 15-18.

{¶ 17} We reach the same result here. The facts of *Korossy* are nearly identical to the facts in the present case. Like the defendant in *Korossy*, Chiles affirmatively answered the trial court's question of whether he would stipulate to a finding of guilty. The transcript of Chiles' plea hearing is devoid of any further explanation of the circumstances of the offense. We are mindful that the purpose of the explanation of circumstances in R.C. 2937.07 is "to ensure that the trial court does not make a finding of guilty in a perfunctory fashion." (Internal quotation omitted.) *Kiner* at ¶ 8. *See also Cuyahoga Falls* at 150 (noting there is no "more substantive right than to be found not guilty under proper circumstances," and thus the purpose of the explanation of circumstances in R.C. 2937.07 is to prevent trial courts from "simply mak[ing] the finding of guilty in a perfunctory fashion"). Thus, following the Sixth District's reasoning in *Korossy*, as well as the Third District's reasoning in *Brown*, we conclude a stipulation to a finding of guilty, on its own, is not sufficient to constitute a waiver of the R.C. 2937.07 explanation of circumstances and that any such waiver must be explicit.

{¶ 18} Accordingly, Chiles' stipulation to a finding of guilty was not sufficient to constitute an explicit waiver of the explanation of circumstances. Because Chiles did not explicitly waive the explanation of circumstances, the trial court erred when it made a finding of guilt without requesting from the city an explanation of circumstances covering each of the elements of the offenses. *Korossy* at ¶ 6 (stating "if the transcript of a no-contest plea proceeding does not contain the required explanation of circumstances or an explicit waiver of the required explanation of circumstances from the accused, the resulting conviction lacks sufficient evidence and must be overturned"), citing *State v. Lloyd*, 6th Dist. No. L-15-1035, 2016-Ohio-331, ¶ 23.

{¶ 19} Having concluded the trial court erred when it entered a finding of guilt on Chiles' no contest plea where there was no explanation of circumstances and no explicit waiver of the explanation of circumstances, the only remaining issue is the remedy for the trial court's error. Chiles argues that because his convictions lacked sufficient evidence, jeopardy attaches and he must be discharged. The city responds that the appropriate remedy is to vacate the convictions and reinstate the original charges so as not to allow Chiles to take advantage of an error that he invited when he entered his no contest plea.

{¶ 20} Again, we find the Sixth District's decision in *Korossy* to be instructive. In determining the appropriate remedy for when a trial court erroneously enters a finding of guilt on a no contest plea where there was not an explanation of circumstances or an explicit waiver thereof, the Sixth District held that "error in failing to elicit an explanation of the circumstances is more than mere trial error; it is a failure to establish facts sufficient to support a conviction." *Korossy* at ¶ 20, citing *Lloyd* at ¶ 28. " 'As such, double jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden.' " *Id.*, quoting *Lloyd* at ¶ 28. *See also State v. Fordenwalt*, 9th Dist. No. 09CA0021, 2010-Ohio-2810, ¶ 11-12 (" '[if] a conviction is reversed for insufficiency of the evidence, jeopardy has attached, and a remand for a new determination of guilt or innocence is barred by double jeopardy' "), citing *State v. Stewart*, 2d Dist. No. 19971, 2004-Ohio-3103.

{¶ 21} This reasoning comports with case law more generally on the proper remedy for convictions lacking sufficient evidence. *See State v. Kareski*, 137 Ohio St.3d 92, 2013-Ohio-4008, ¶ 99 (holding that where "there was insufficient evidence for a

conviction, * * * the Double Jeopardy Clauses of the Ohio Constitution and the United States Constitution bar a retrial," and the proper remedy is to vacate the conviction). Thus, we conclude Chiles has a substantive right to be discharged on the offenses of failing to stop, driving under suspension, and no operator's license. Accordingly, we sustain Chiles' first assignment of error.

## IV.  Second and Third Assignments of Error – Constitutional Challenges

{¶ 22} In his second and third assignments of error, Chiles presents constitutional challenges to CTC 2135.12(b)(1), the failing to stop statute.  However, our resolution of Chiles' first assignment of error, vacating Chiles' conviction for failure to stop, renders moot the question of whether CTC 2135.12(b)(1) is unconstitutional.  Consequently, we find Chiles' second and third assignments of error moot.

## V.  Disposition

{¶ 23} Based on the foregoing reasons, the trial court erred when it made findings of guilt on Chiles' no contest pleas to the offenses of failing to stop, driving under suspension, and no operator's license where there was no explanation of circumstances and Chiles did not expressly waive the explanation of circumstances.  Additionally, double jeopardy attaches, prohibiting a new determination of guilt or innocence on these offenses.  Having sustained Chiles' first assignment of error, and rendered moot Chiles' second and third assignments of error, we reverse the judgment of the Franklin County Municipal Court, vacate Chiles' convictions on the offenses of failure to stop, driving under suspension, and no operator's license, and we remand this matter to the trial court for resentencing on the minor misdemeanor failure to control offense.

*Judgment reversed.*

BRUNNER and HORTON, JJ., concur.