[Cite as *State v. Boroff*, 2020-Ohio-5376.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO.  12-20-02

    v.

BONNIE L. BOROFF,                 O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Putnam County Municipal Court**
**Trial Court No. 2019 CR B 00215**

**Judgment Affirmed**

**Date of Decision:   November 23, 2020**

APPEARANCES:

    *Drew J. Mihalik* **for Appellant**

**PRESTON, J.**

{¶1} Defendant-appellant, Bonnie L. Boroff ("Boroff"), appeals the January 23, 2020 judgment of sentence of the Putnam County Municipal Court. For the reasons that follow, we affirm.

{¶2} This case arises from a November 7, 2018 incident in which Boroff's two-year-old grandson died in a trailer owned by Boroff. During the course of the investigation of the circumstances surrounding the minor child's death, law enforcement officers entered Boroff's residence and observed the condition of the trailer where Boroff and her family, including her four minor grandchildren, resided. As a result, on July 23, 2019, a complaint was filed against Boroff in the Putnam County Municipal Court containing four counts of endangering children in violation of R.C. 2919.22(A), first-degree misdemeanors. (Doc. No. 1). Counts One and Two related to Boroff's granddaughters born in 2012 and 2010, respectively, and Counts Three and Four related to Boroff's twin grandsons born in 2016. (*Id.*). On August 26, 2019, Boroff appeared for arraignment and entered pleas of not guilty to the counts in the complaint. (Doc. Nos. 4, 5).

{¶3} On January 6, 2020, under a negotiated plea agreement, Boroff withdrew her pleas of not guilty and entered pleas of guilty to Counts One and Two. (Doc. Nos. 27, 28, 29). In exchange, the State agreed to recommend dismissal of the remaining counts in the complaint. (*See* Doc. No. 30). The trial court accepted

Boroff's guilty pleas, found her guilty of Counts One and Two, and ordered a presentence investigation ("PSI"). (Doc. Nos. 28, 29). In addition, the trial court dismissed the remaining counts of the complaint. (Doc. No. 30). That same day, the trial court filed its judgment entry of conviction. (Doc. Nos. 28, 29).

{¶4} On January 23, 2020, the trial court sentenced Boroff to a jail term of 180 days as to Count One and 180 days as to Count Two. (Doc. No. 31). The trial court ordered that the sentences be served consecutively to each other for an aggregate term of 360 days in jail. (*Id.*). That same day, the trial court filed its judgment entry of sentence. (*Id.*).

{¶5} On February 7, 2020, Boroff filed her notice of appeal.[1] (Doc. No. 37). She raises one assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion in sentencing defendant-appellant Bonnie L. Boroff to a maximum and consecutive sentence[.]**

{¶6} In her assignment of error, Boroff argues that the trial court abused its discretion by imposing a maximum, consecutive sentence. Specifically, she contends that the record does not support the severity of the sentence.[2]

---

[1] The trial court stayed the execution of Boroff's sentence pending appeal. (Doc. Nos. 40, 41).

[2] We note that the State failed to file a brief in this matter, a practice that we strongly discourage. We caution the State that, under App.R. 18(C), "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶7} "'We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard.'" *State v. Arnold*, 3d Dist. Seneca No. 13-16-13, 2017-Ohio-326, ¶ 13, quoting *State v. Nolan*, 3d Dist. Marion No. 9-15-48, 2016-Ohio-2985, ¶ 12, citing R.C. 2929.22 and *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, ¶ 15 (1st Dist.). An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶8} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a first-degree misdemeanor, endangering children carries a maximum sanction of 180 days in jail. R.C. 2919.22(A), (E)(1)(a); R.C. 2929.24(A)(1).

{¶9} In this case, Boroff was sentenced to 180 days in jail for each count. Accordingly, each of the trial court's sentences is within statutory range. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} "A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence." *Nolan*, 2016-Ohio-2985, at ¶ 12, citing *State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, ¶ 24. R.C. 2929.21 provides, in pertinent part, that the "overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). To achieve the overriding purposes of misdemeanor sentencing, R.C. 2929.21 directs courts to "consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.* In addition, R.C. 2929.21(B) instructs that a sentence imposed for a misdemeanor "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."

{¶11} "Generally, 'a court that imposes a sentence under [R.C. Chapter 2929] upon an offender for a misdemeanor * * * has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.'" *Arnold*, 2017-Ohio-326, at ¶ 16, quoting R.C. 2929.22(A). "R.C. 2929.22(B) 'sets forth specific factors for the trial court to

consider before imposing a sentence, including the nature and circumstances of the offense, the offender's history of criminal conduct, the victim's circumstances, and the likelihood that the offender will commit future crimes.'" *Id.*, quoting *Nolan* at ¶ 12. "In determining the appropriate sentence for a misdemeanor, in addition to complying with [R.C. 2929.22(B)(1)], the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in [R.C. 2929.21]." R.C. 2929.22(B)(2).

{¶12} From the record, it is clear that the trial court sentenced Boroff after considering the overriding purposes of misdemeanor sentencing set forth in R.C. 2929.21 and the relevant R.C. 2929.22 factors. At the sentencing hearing, the trial court stated that it considered "the purposes of misdemeanor sentencing" when fashioning Boroff's sentence. (Jan. 23, 2020 Tr. at 12). The trial court also stated that it considered the R.C. 2929.22(B) factors when determining Boroff's sentence. (*Id.* at 12-13). "The trial court is not required to make factual findings on the record related to these factors." *Lakewood v. Dobra*, 8th Dist. Cuyahoga No. 106001, 2018-Ohio-960, ¶ 8, citing *Cleveland v. Meehan*, 8th Dist. Cuyahoga No. 85415, 2005-Ohio-2820, ¶ 7. "'[A]bsent a showing to the contrary by the defendant,'" "'when a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered'" the factors required by R.C. 2929.22. *Id.*, quoting *Maple Hts. v. Sweeney,* 8th Dist. Cuyahoga No. 85415, 2015-Ohio-2820, ¶ 8.

{¶13} Moreover, the record supports the trial court's sentence. At the sentencing hearing, the trial court thoroughly explored each of the R.C. 2929.22 sentencing factors it found to be relevant to determining Boroff's sentence. (Jan. 23, 2020 Tr. at 12-14). First, the trial court stated that the fact that Boroff was aware of the conditions of her residence and nevertheless allowed the conditions to exist was "atrocious." (*Id.* at 13). *See* R.C. 2929.22(B)(1)(a). The trial court found that Boroff did not acknowledge the dangers and risks she allowed to exist and, therefore, had a high likelihood to reoffend. (Jan. 23, 2020 Tr. at 13). *See* R.C. 2929.22(B)(1)(b). In support of this finding, the trial court referenced a statement contained in the PSI in which Boroff expressed that she did not see anything wrong with the children living in the conditions present in her residence. (Jan. 23, 2020 Tr. at 13). (*See* PSI). The trial court also found that Boroff's conduct "showed a pattern of heedless indifference to the consequences." (Jan. 23, 2020 Tr. at 13). *See* R.C. 2929.22(B)(1)(c). The trial court referenced the death of Boroff's grandson and stated that Boroff allowed the conditions to exist that created a "substantial risk to the health and safety of the child." (Jan. 23, 2020 Tr. at 13). *See* R.C. 2929.22(B)(1)(c). Additionally, the trial court found that the victims' youth made them "vulnerable to the impacts of the offense." (Jan. 23, 2020 Tr. at 13-14). *See* R.C. 2929.22(B)(1)(d). The trial court noted that the victims in Counts One and Two were approximately 7-8 and 9-10 years of age and "were forced to live in these

conditions." (Jan. 23, 2020 Tr. at 14). *See* R.C. 2929.22(B)(1)(d). The trial court stated that, due to their age, the victims had "no choice in whether or not they lived in these conditions." (Jan. 23, 2020 Tr. at 14). The trial court acknowledged that the only people that could protect the victims were the adults living in the house, including Boroff. (*Id.* at 14). *See* R.C. 2929.22(B)(1)(d). With respect to Boroff's likelihood to reoffend, the trial court stated, "I can't stress enough that if you can't accept that what you allowed to occur here is wrong, that there is a great chance that any child in your care in the future faces the same risks." (Jan. 23, 2020 Tr. at 14). *See* R.C. 2929.22(B)(1)(e). We find no abuse of discretion in the trial court's analysis of the relevant statutory factors. *See State v. Cooper*, 3d Dist. Defiance No. 4-15-10, 2016-Ohio-450, ¶ 13.

{¶14} Nevertheless, Boroff argues that the trial court abused its discretion by imposing a maximum, consecutive sentence. Specifically, Boroff argues that the trial court erred by imposing a maximum sentence because she does not have a prior criminal record. R.C. 2929.22(C) provides, in relevant part, that "[a] court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C).

**{¶15}** Here, although the PSI indicates that Boroff does not have a prior criminal record, the record supports a finding that Boroff committed the worst form of the offense. In addition to the trial court's discussion relating to the R.C. 2929.22(B) misdemeanor sentencing factors, the record indicates that a number of health and safety hazards were present in Boroff's residence. At the sentencing hearing, the trial court referenced "[t]he overall unsanitariness and uncleanliness of the house," which included dirty diapers on the floor, garbage throughout the residence, and electrical outlets ripped out of walls near mattresses. (Jan. 23, 2020 Tr. at 11). Moreover, the record indicates that the victims in Counts One and Two were sleeping on mattresses located "within inches of the toilet" "in a[n] otherwise dirty bathroom." (*Id.* at 12). Furthermore, a sibling of the victims in Counts One and Two died after being exposed to a hazard in the residence, which the trial court noted is relevant to the condition of the residence where the victims were living. (*Id.* at 11-12). (*See* PSI). The record indicates that Boroff was aware of the ultimately fatal hazard, but rather than removing the hazard herself, tasked the victims in Counts One and Two with removing the hazard. (Jan. 23, 2020 Tr. at 11-12). (*See* PSI). Additionally, the trial court noted that Boroff was charging rent to the parents of the minor children and was, therefore, attempting to profit from the unsafe living arrangement. (Jan. 23, 2020 Tr. at 11). Thus, we find that the record supports the trial court's imposition of a maximum sentence on the grounds that

Boroff's conduct constituted the worst form of the offense. *See State v. Wolfe*, 7th Dist. Belmont Nos. 17 BE 0044 and 17 BE 0045, 2018-Ohio-5461, ¶ 13-15.

**{¶16}** Boroff also challenges her maximum sentence on the grounds that it is not consistent with sentences imposed for similar crimes by similar offenders. In support of her position, Boroff argues that because she does not have a prior criminal record, her maximum, consecutive sentence cannot be consistent with any other first-degree misdemeanor conviction by a similar offender. Boroff also references the non-maximum sentence the victims' mother received for charges stemming from the November 7, 2018 incident as evidence that Boroff's sentence is not consistent with sentences imposed for similar crimes by similar offenders. However, our review of the record reveals that Boroff failed to argue the consistent-sentences issue to the trial court. "'If a defendant fails to argue to the trial court that his sentence is not consistent with or proportionate to sentences imposed for similar crimes committed by similar offenders, then the defendant waives that issue for appeal.'" *State v. Silknitter*, 3d Dist. Union No. 14-16-07, 2017-Ohio-327, ¶ 18, quoting *State v. Norman*, 3d Dist. Seneca No. 13-13-50, 2014-Ohio-3010, ¶ 17, citing *State v. Ewert*, 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 31. Consequently, Boroff waived the issue for appeal. *See id.*

**{¶17}** Boroff further contends that the trial court abused its discretion by failing to consider community control sanctions when fashioning her sentence. R.C.

2929.22(C) provides, in relevant part, that "[b]efore imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions." Boroff argues that the trial court failed to consider the appropriateness of imposing a community control sanction. In support of her argument, Boroff relies on her lack of prior criminal record. However, the record reveals that, at the sentencing hearing, the trial court thoroughly reviewed each of the factors under R.C. 2929.22(B) and stated, "When I consider all of these factors, the only sentence that I believe to be appropriate in this case is the maximum sentence permitted." (Jan. 23, 2020 Tr. at 14). Accordingly, the record indicates that the trial court considered all of the available sanctions, but concluded, based on its consideration of the R.C. 2929.22(B) sentencing factors, that the maximum jail sentence was appropriate.

{¶18} Finally, Boroff argues that her two endangering-children convictions are allied offenses of similar import, which are subject to merge under R.C. 2941.25(A). However, "'an appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2): "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."'" *State v. Moore*, 3d Dist. Henry No. 7-19-01, 2019-Ohio-2633, ¶ 11, quoting *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 4, quoting App.R. 12(A). Therefore,

because Boroff has failed to present the issue of merger as a separate assignment of error in her brief, we decline to address the issue. *See State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 45.

{¶19} Accordingly, for the aforementioned reasons, we conclude that the trial court did not abuse its discretion by sentencing Boroff to maximum, consecutive sentences.

{¶20} Boroff's assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and ZIMMERMAN, J., concur.**

**/jlr**